## No. 2490.

## JAMES A. BROWN v. L. L. RUSE.

1. **MANDAMUS.**—A school voucher issued in 1874, by the superintendent of public schools, was filed for allowance in a county commissioners court in 1883, and on which was endorsed the following: "August 13, 1883. The court find two hundred and ninety-one dollars and thirty-one cents due on this claim." No formal entry of the action of the court allowing the claim was made on the records of the court, because the court so directed, believing that it was not required, though the claim was allowed. No book was kept in which to enter the action of the court on such claims. At a future term the commissioners court, without notice to the claimant, entered an order that no order should issue on that or

similar claims that had been ascertained to be due to teachers, reciting: "As we do not believe said claims are legitimate against county or the communities where the same originated." *Held*:

(1) No action of the court, after the allowance of the claim, had without notice to the claimant, could affect his right to enforce payment on the former appproval of the claim.

(2) Mandamus was the proper remedy to compel the issuance of a warrant on the county treasurer for the payment of the audited claim.

(3) Though the practice in such cases is to swear to the petition, the statute does not expressly require it.

APPEAL from Leon. **Tried below before the** Hon. Norman G. Kittrell.

This suit, instituted **to compel the commissioners court, by** mandamus, to issue a draft on the county treasurer for the amount approved on a school voucher, was before the Supreme Court at a former term, and will be found **reported in 67 Texas,** page 318.

*B. D. Dashiell* and *Kirvin, Gardner & Ethridge,* for appellants: The only legal evidence that an audit of a school claim has been made is the production of the minutes of the tribunal charged with the duty of making such audit, or a certified copy therefrom. (Brown v. Reese, 67 Texas, 318; Tice v. Reeves, 1 Vroom, 314; Rev. Stat., arts. 1527, 1528; Monck v. Corbin, 12 Northwestern Reporter, 581; Freeman on Judgments, secs. 407, 410; Rutherford v. Crawford, 53 Georgia, 138; Somerson v. Hoffman, 4 Zab., 678.)

After six months from the time the act of 1883 took effect, all jurisdiction of the commissioners court, as an auditorial board, ceased, by force of the statute which conferred the jurisdiction.

When the jurisdiction of the commissioners court to audit school claims was withdrawn, the effect was, as to the auditing of school claims, the same as if the court itself were abolished, and all orders or decrees made and entered thereafter with reference to auditing school claims are *coram non judice,* and void. (Ludlow v. Johnson, 3 Ohio, 553; same case, 17 Am. Dec., 609; Wood on Mandamus, 18, 22; High on Extraordinary Legal Remedies, sec. 360.)

An audit of a school claim by the commissioners court can only be evidenced by the minutes of the commissioners court, or by a certified copy therefrom, cited, Brown et al v. Reese,

67 Texas, 318; Revised Statutes, articles 1527 and 1528; State v. Rugan, 68 Missouri, 214; Rutherford v. Crawford, 53 Georgia, 138, Freeman on Judgments, sections 407 and 410.

*Gammage & Gregg,* for appellee: The execution and delivery of the voucher by the school superintendent to appellee; the action of the commissioners court on August 13, 1883, in finding the amount due, and in instructing the county judge to indorse the same; and the action of the county court, in February, 1884, setting out the finding of county court and entering same on minutes, is final and conclusive between the parties to this suit, and a mandamus will lie to compel the commissioners court to carry it into effect, and it is an absolute duty to pay the voucher. (Act of April 2, 1883, p. 41; County of Caldwell v. Crockett et al., 68 Texas.)

The commissioners court had no jurisdiction, nor was it asked to exercise any, when applied to, to enter on minutes the order auditing the claim. (Rev. Stats., art. 1527; acts Legislature, February 6, 1884; Id., March 24, 1885; Aubry v. Beavers, 6 Texas, 457; Johnson v. Campbell, 39 Texas, 83; Bledso v. Int. R. R. Co., 40 Texas, 537; Wills v. Littlefield, 62 Texas, 28; Texas Mex. Ry. Co. v. Locke, 63 Texas, 623.)

STAYTON, ASSOCIATE JUSTICE. This cause was before this court at its last term, and it was then held that the indorsement made by the county judge on the claim now sought to be enforced, was not sufficient to show that the claim had been audited. (Brown v. Reese, 67 Texas, 318.) Nothing was there shown except the claim and its endorsement.

It now appears that the voucher given by the superintendent of schools for the county was filed in the county commissioners court for audit, and that, after the court had allowed the claim, the county judge, under its direction, made on it the following indorsement:

"Aug. 13, 1883. The court find $291.31 due on this claim.
                                    "JAMES BROWN,
                                    "County Judge."

It further appears that no formal entry of this action of the court was then made on the books kept for the record of its proceedings had in its ordinary business, because the court so

directed; not believing, as the court was sitting as an auditorial board on school claims, that this was contemplated or required. It clearly appears that the failure to make the proper entry did not result from the fact that the court did not allow the claim in full, or that it was unwilling to make such a record of its action as was proper to evidence the fact that the claim had been allowed. It further appears that no book was then kept in which entries were made of the claims of teachers, audited and allowed, but this was evidenced by the indorsements made on claims which were filed.

On February 11, 1884, the county commissioners court, without any notice to the appellee, made an order, which was entered on its minutes, in which it recited the fact that the claim at a former term had been ascertained to be due; but it directed, as there was no money in the treasury to meet claims against school districts, that no draft should issue on it, nor tax be levied to meet that and other similar claims which were therein stated to have been formerly ascertained to be due to teachers named; and this order concluded with the following words: "As we do not believe said claims are legitimate claims against county or the communities where the same originated."

Proof was made by members of the commissioners court that the claim was audited and allowed at the time the county judge made the indorsement on the claim, and there can be no doubt as to that fact, nor of the fact that the failure to enter the approval of the claim on the minutes of the court was due solely to the fact that the court thought it unnecessary.

The written evidence made under the direction of the court, and in part properly entered on its minutes, is sufficient to show that the claim was appoved at the date of the indorsement made on the same, and no subsequent action of the court, had without notice to the appellee, could affect his right, if this could have been done at all after the close of the term at which the claim was allowed.

The plaintiff pleaded the facts fully, and in answer the defendants urged demurrers and a general denial. The demurrers were properly overruled, and, as the pleadings stood, the appellee was entitled to a judgment without offering any evidence. (Sansom v. Mercer, 5 S. W. Rep., 62.)

It is claimed, however, that the general denial was a sufficient answer, as the amended petition, on which the same was tried, was not sworn to. The statute does not expressly require that

a petition in such cases shall be sworn to, though this is the usual practice, and, were it necessary, the objection might be waived, as must be held to have been done in this case. There is no question as to the jurisdiction of the district court, and, as no objection is made to the manner in which the judgment directs the payment of the appellee's claim, the judgment will be affirmed.

*Affirmed.*

Opinion delivered February 3, 1888.