M. H. DENMAN ET AL. v. S. C. COFFEE ET AL.

Decided February 21, 1906.

**1.—Mandamus—Jurisdiction—Amount in Controversy.**

The District Court has jurisdiction of an action for writ of mandamus requiring the Commissioners' Court to perform the merely ministerial act (Code Crim. Proc., arts. 1103–1104) of ordering warrant drawn on the treasurer for the payment of a claim against the county which they have allowed, though the claim is for less than $500, the amount not being in controversy. Following Anderson v. Ashe, 14 Texas Court Reporter, 637.

**2.—Commissioners' Court—Allowance of Claim.**

An order of the Commissioners' Court approving a claim by the sheriff is sufficient to constitute an allowance thereof against the county, though instead of ordering warrant issued for its payment the order attempts to offset it by placing it as a credit against other demands of the sheriff, which it was claimed had been improperly allowed and paid.

**3.—Same.**

If it be conceded that the order allowing a claim against the county in the sheriff's favor could be collaterally attacked, it was still beyond the power of the Commissioners' Court, on approving a subsequent claim, to offset it with the former as one improperly allowed, their duty being either to reject or to approve it and order warrant to issue for its payment.

Appeal from the District Court of Brown County. Tried below before Hon. John W. Goodwin.

*R. P. Conner,* for appellants.—The orders of the Commissioners' Court in passing on the account of M. H. Denman, sheriff of Brown County, at the August and November terms, 1904, and an auditing an allowance of the August account and of the $23.90 of the November account, 1904, and the failure to order or provide for the payment of the same is sufficient cause to invoke writ of mandamus, compelling the defendants, the County Commissioners' Court to perform the duty enjoined upon them by law. Code Criminal Procedure, 1895, arts. 1103, 1104; Rev. Stats., 1895, arts. 898, 1537; Callaghan v. Salliway, 5 Texas Civ. App., 239; Caldwell County v. Crockett Harbert et al., 68 Texas, 321; Sansom v. Mercer, 68 Texas, 488; Brown v. Ruse, 69 Texas, 590; Kimberly v. Morris, 87 Texas, 637; Arberry v. Beavers, 6 Texas, 471; Houston, T. & B. Ry. Co. v. Randolph, 24 Texas, 317; United States v. Saunders, 124 Fed. Rep., 124; American Casualty I. & S. Co. v. Flyer, 25 Am. St. Rep., 339; Dane v. Derby, 89 Am. Dec., 728; Cassidy v. Young, 92 Ky., 227; Ex parte Candee, 48 Ala., 399.

As to necessary parties to suit. Gaal v. Townsend, 77 Texas, 464; Elser v. City of Ft. Worth, 27 S. W. Rep., 739.

Denman's accounts for fees of office not subject to offset by his debts. Jernigan v. Finley, 90 Texas, 213, 214; National Bank of El Paso v. Fink, 86 Texas, 306; Sanger Bros. v. City of Waco, 15 Texas Civ. App., 424.

As to the portion of the order of Commissioners Court appropriating Denman's account being void. Houston, T. & C. Co. v. McGhee, 49 Texas, 481; French v. Oliver, 6 Texas, 401; Cook v. Crawford, 10 Texas, 71; Fitzhugh v. Custer, 4 Texas, 397.

The court erred in refusing to grant the writ of mandamus because the evidence and findings of fact by the court show that there was no rejection of the accounts which rejections were necessary to authorize plaintiffs to sue Brown County. Rev. Stats., 1895, art. 868; Callaghan v. Salliway, 5 Texas Civ. App., 239; United States v. Saunders, 124 Fed. Rep., 124.

*Jenkins & McCartney,* for appellees.—The court below had no jurisdiction of this suit at all, the amount in controversy being less than $500 and the only reversal that this court can make is to reverse the case and order it dismissed at the cost of appellant. Bigby v. Brantley, 85 S. W. Rep., 311, and other authorities therein cited.

No writ of mandamus was authorized in this case against appellees because plaintiffs have a plain and adequate remedy at law by bringing suit against Brown County on their alleged claims. The action of the Commissioners' Court in passing upon them, being in law a rejection thereof. Clark v. San Jacinto County, 45 S. W. Rep., 315.

The writ of mandamus, if it would lie at all, should have been directed against the treasurer of Brown County, for if appellants were granted the relief prayed for, they would have no higher rights than they now have. Callaghan v. Salliway, 23 S. W. Rep., 537.

### OPINION ON REHEARING.

EIDSON, ASSOCIATE JUSTICE.—In the original opinion in this case we held that the District Court did not have jurisdiction of this case, for the reason that the amount involved was less than $500. Since that opinion was rendered, the Supreme Court in the case of Anderson v. Ashe, 14 Texas Ct. Rep., 637, held that the District Court had jurisdiction of a case involving the same question as this.

In this case the appellants claiming that the Commissioners' Court of Brown County had allowed certain claims of appellant Denman, as sheriff of said county, for guards employed by him, and at the time of suit owned by appellants, and after allowing same refused to order drafts drawn in favor of said sheriff or appellants for the amounts of said claims upon the treasurer of said county, brought this action in the District Court of Brown County against the county judge and county commissioners of said county, as the Commissioners' Court thereof, for a writ of mandamus to compel them, as the Commissioners' Court of said county, to enter orders on the minutes of said court, directing drafts to be drawn on the treasurer for the amounts allowed the sheriff, as above stated. The petition of the appellants did not seek any judgment as to the amount or validity of the claims, but simply sought a judgment to enforce the performance by the Commissioners' Court of a ministerial act, that is, to enter an order directing a draft or drafts to be issued for the amounts allowed upon the county treasurer.

In the case of Anderson v. Ashe, supra, no relief was sought in the suit, except mandamus to compel the defendant, who was auditor of the county, to countersign the warrant; and the Supreme Court held that being the case, that the amount of the claim was not in controversy, and the District Court had jurisdiction.

We therefore hold, in conformity with the above ruling of the Supreme Court, that the District Court of Brown County had jurisdiction of this case, and that we were in error in holding in our original opinion that said District Court did not have jurisdiction of this cause, and in dismissing the appeal herein. Appellants' motion for rehearing is therefore granted, and the judgment dismissing the appeal is set aside and this case reinstated upon the docket of this court.

This case was tried in the court below without a jury, and the court, after hearing the evidence, rendered a judgment refusing the writ of mandamus prayed for by appellants. It appears from the conclusion of law of the court below contained in the record that its judgment was based upon its construction of certain orders of the Commissioners' Court as rejecting the claims of appellants; and that therefore their remedy was by suit against the county, instead of an action for mandamus. Appellants by various assignments of error assail this conclusion of law of the court below as being contrary to and inconsistent with its findings of fact upon which said conclusion is based. The findings of fact upon which the court predicated its judgment are as follows:

"2. I find that on August 13, 1904, the County Commissioners' Court of Brown County, Texas, passed the following order, viz.: 'It is ordered by the court that M. H. Denman's account for

| | |
|---|---:|
| Board of prisoners | $242.20 |
| Waiting on court, lunacy cases, etc. | 47.90 |
| Extra care of Robert Martin in sickness | 5.00 |
| Extra care of Mrs. Acrey in sickness | 7.00 |
| Extra care of M. P. Jones in sickness | 4.00 |
| | $306.10 |

be and the same is hereby placed as a credit on the account due by M. H. Denman to Brown County for guard service wrongfully drawn by said Denman for 92 days at $1.50 per day, allowed at February term, 1903, amounting to.......................$136.50
For 98 days allowed at the May term, 1903,
      at $1.50 per day, amounting to...... 133.50
And 40 days allowed at August term, 1903,
      at $1.50 per day amounting to...... 60.00

| | |
|---|---:|
| Total amount due | $330.00 |
| Credit by account presented at present term | $306.10 |
| Balance due county | $ 23.90 |

S. C. Coffee, County Judge Presiding.'
"3. I find that on Nov. 22, 1904, the County Commissioners' Court of Brown County, Texas, found (passed) the following order, to wit:

'Brownwood, Texas, Nov. 22, 1904.
During a regular term of the Commissioners' Court of Brown County, Texas, begun and holden on the 14th day of November, A. D. 1904, there being present and presiding the Hon. S. C. Coffee, county judge, and R. P. Cross, commissioner of Prec. No. 1, D. P. Malone, commis-

sioner of Prec. No. 2; H. M. Boyer, commissioner of Prec. No. 3; L. Strohm, commissioner of Prec. No. 4; W. D. McChristy, county clerk, the following proceedings among others were had to wit:

'November 22, 1904.

'It is ordered by the court that M. H. Denman account for board of prisoners be allowed for $224.20, and that $23.90 of same is placed as a credit on balance of account due by M. H. Denman to Brown County for guard service wrongfully drawn by said Denman for 92 days, at $1.50 per day, allowed at the February term, 1903, amount...$136.50

For 98 days allowed at May term, 1903,
at $1.50 per day, amounting to ...................... 133.50
And 40 days allowed at August term, 1903,
at $1.50 per day, amounting to...................... 60.00

Total . . . ...................................,.........$330.00
Credit by order last term ...............................$306.10

Credit by this order ....................................$ 23.90

S. C. Coffee, County Judge Presiding.' "

It appears from the record that the Commissioners' Court of Brown County at its February, May and August terms, 1903, allowed to appellant Denman, as sheriff of Brown County for guard service, amounts aggregating $330.00; and that at the time the orders quoted above were made, said court claimed that said accounts allowed the said Denman at the February, May and August terms, 1903, of the court were illegal, and that therefore it was entitled to appropriate the amount allowed the said Denman at the August term, 1904, and so much of that allowed at the November term, 1904, as was sufficient to settle the amount of said accounts claimed to be illegal. Articles 1103 and 1104 of the Code of Criminal Procedure are as follows:

"Art. 1103. At each regular term of the Commissioners' Court the sheriff shall present his account to such court for the expenses incurred by him since the last account presented for the safekeeping, support and maintenance of prisoners, including guards employed, if any. Such account shall state the name of each prisoner, and each item of expense incurred on account of such prisoner, and the date of each item, the name of each guard employed, the length of time employed, and the purpose of such employment, and shall be verified by the affidavit of the sheriff.

"Art. 1104. The Commissioners' Court shall examine the account named in the preceding article, and allow the same, or so much thereof as may be reasonable and in accordance with law, and shall order a draft to be issued to the sheriff for the amount so allowed upon the treasurer of the county, and such account shall be filed and safely kept in the office of the clerk of such court."

While it appears from the order of the Commissioners' Court set out in the second finding of fact of the trial court quoted above, that said court intended to appropriate the amount of the account embraced in

the order to the settlement of a claim against Denman to which they conceived the county to be entitled, it also appears from the language of the order that said court allowed the account, and the attempt to apply same to a debt of Denman, real or imaginary, would not affect the official act of the court allowing the account. The statute does not require the order allowing the account to be in any particular form of words. It is sufficient if the effect of the language used is to approve or allow the account; and, in our opinion, the effect of the language used in the order under consideration is to allow the account.

There is no ambiguity or uncertainty whatever in the language of the order allowing the account presented at the November term, 1904, and out of which the sum of $23.90 was attempted to be taken and appropriated to the same purpose as the account allowed at the August term of that year. This order affirmatively states that the account of M. H. Denman for $224.20 is allowed, and then proceeds to appropriate $23.90 of the amount to an alleged indebtedness to the county of the said Denman. These accounts were for fees of office due Denman as the sheriff of Brown County, and could not be legally appropriated by the Commissioners' Court to the payment of an indebtedness of Denman to the county, even if the orders upon which that indebtedness was based could be assailed in a collateral proceeding. (Sanger Bros. v. City of Waco, 15 Texas Civ. App., 424; National Bank of El Paso v. Fink, 86 Texas, 306.)

Appellants' accounts having been properly allowed, and the Commissioners' Court having no authority to appropriate the amount thereof, as attempted, we are of opinion the appellants were entitled to the writ of mandamus as prayed for.

Article 1104 of the Code of Criminal Procedure provides that after accounts of the character under consideration have been allowed by the Commissioners' Court, that court shall order a draft to be issued to the sheriff for the amount so allowed upon the treasurer of the county; and article 930, Revised Statutes, provides as follows:

"The county treasurer shall not pay any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same; and if such treasurer shall have any doubt of the legality or propriety of any order, decree, certificate or warrant presented to him for payment, he shall not pay the same; but shall make report thereof to the Commissioners' Court for their consideration and direction."

The county treasurer would not have been authorized to pay appellants' claim simply upon presentation to him of a certified copy of the orders of the Commissioners' Court, as such copies could not take the place of the warrants required to be issued by article 1104 of the Code of Criminal Procedure. (Walker v. Barnard & Co., 27 S. W. Rep., 726.) And we do not think this view necessarily conflicts with the holding of the court in the case of Callaghan, County Judge, v. Salliway, 5 Texas Civ. App., 239, as the order of the court involved in that case not only allowed the claim, but directed the clerk to issue a warrant for the amount in favor of the party to whom it was allowed.

We think the act required by article 1104, Code of Criminal Procedure, of the Commissioners' Court to order a draft to be drawn in

favor of the sheriff on the county treasurer, is purely a ministerial act, and one for the refusal of the performance of which mandamus would lie against them. In other words, the act required of said court, being purely ministerial, if they refused to perform it, they could be compelled to do so by mandamus. (Brown v. Ruse, 69 Texas, 590; Sansom v. Mercer, 68 Texas, 488; Caldwell Co. v. Harbert et al., 68 Texas, 321; Callaghan, County Judge, v. Salliway, supra.)

We are of opinion that the court below erred in refusing to grant the writ of mandamus as prayed for by appellants, and in rendering judgment for appellees, and that said judgment should be reversed and judgment here rendered for appellants. And it is therefore ordered and adjudged that the appellees, S. C. Coffee, county judge of Brown County, John McMinn, D. P. Malone, H. M. Boyer and Arthur Burns, county commissioners of said county, said county judge and county commissioners constituting the Commissioners' Court of said county, in their official capacity as such court be, and they are hereby directed and required to enter an order or orders upon the minutes of the Commissioners' Court of Brown County, directing and requiring the clerk of said court to issue drafts in favor of appellants upon the county treasurer of Brown County for the amounts due them, as shown by the accounts allowed appellant M. H. Denman, as sheriff of said county, by the Commissioners' Court at the August and November terms, 1904; and that appellees pay all costs incurred in this court and the court below.

*Reversed and rendered.*