McDONALD et al. v. AXTELL. (No. 8262.)

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1919. Rehearing Denied Jan. 31, 1920.)

1. HIGHWAYS ⊚⟶113(4) — PEREMPTORY IN-STRUCTION IN FAVOR OF ENGINEER FOR SERV-ICES RENDERED IN CONSTRUCTION OF HIGH-WAY PROPER.

In an action by an engineer for services rendered in supervising the construction of a highway, the giving of a peremptory instruction in his favor held warranted under the rule that, where there is no reason for ordinary minds to differ as to the conclusion to be drawn from the evidence, a peremptory instruction is proper.

2. TRIAL ⊚⟶225(2) — FAILURE OF COURT TO SIGN CHARGE NOT REVERSIBLE ERROR.

The failure of the trial judge to sign the charge is not reversible error.

3. HIGHWAYS ⊚⟶113(4)—JUDGMENT DIRECT-ING COMMISSIONERS' COURT OF COUNTY TO IS-SUE WARRANT ON TREASURER PROPER.

As the special road laws of Henderson county provide that all moneys received from sale of bonds shall be held by the treasurer and paid out on orders of the commissioners' court, and as the last special road law (Sp. Acts 1918, c. 24, § 15k) makes it the duty of the treasurer to hold the funds and pay them out as in other cases, a judgment, in an action by an engineer against the commissioners' court to recover compensation for services rendered in supervising construction of highways, is not, in view of Const. art. 5, § 8, and Rev. St. 1911, art. 2241, erroneous in directing the commissioners' court to draw warrants on the treasurer who held funds belonging to the road district.

4. ACTION ⊚⟶45(4)—NO OBJECTION TO JOIN-DER IN ONE ACTION ON CONTRACTS OF TWO ROAD DISTRICTS.

The commissioners' court of Henderson county having wholly supplanted the officials of the several road districts, one having claims against two road districts might properly join the same in an action against the commissioners' court.

5. APPEAL AND ERROR ⊚⟶916(1)—PRESUMP-TION THAT PLEA IN ABATEMENT, DISPOSED OF ON DATE OF FINAL JUDGMENT, WAS NOT FILED IN DUE SEASON.

Where the record showed that a plea in abatement based on misjoinder of causes of action was not disposed of until the date on which judgment was rendered, it will be assumed that the plea was not filed in time and hence was waived.

6. HIGHWAYS ⊚⟶113(4)—ANSWER IN DEFENSE OF ACTION BY ENGINEER FOR SERVICES DE-FECTIVE.

In an action by an engineer for services rendered in supervising construction of highways, the answer, setting up that the roads were improperly built and that the engineer failed to keep a maintenance fund, held open to exceptions made, and hence such portion of the answer was properly stricken.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by A. B. Axtell against Joe A. McDonald and others, composing the Commissioners' Court of Henderson County. From a judgment for plaintiff, defendants appeal. Affirmed.

Miller & Miller and W. L. Faulk, all of Athens, for appellants.

A. B. Watkins, of Athens, for appellee.

RAINEY, C. J. This is a suit brought by appellee, A. B. Axtell, against the commissioners' court of Henderson county, to recover an indebtedness due him of $1,250, being the balance due him for services rendered as civil engineer, by virtue of contracts made by the commissioners of road precinct No. 3 and of road precinct No. 4 of Henderson county, under a special road law of said county.

Defendants answered and "admitted the employment as alleged by plaintiff, but said that the plaintiff had prior thereto presented his claim to the commissioners of road precinct Nos. 3 and 4, and that they had disputed the same and had had a controversy about the matter, and that, in order to settle the dispute, it had been agreed as a compromise that the plaintiff, Axtell, was to take what he had been paid, as a final settlement, and that the said settlement was pleaded"; also set up that the roads were improperly built, and that plaintiff failed to keep a maintenance fund, and that the county had suffered great damages thereby, and that plaintiff was liable to the county for such failure. But this plea was excepted to and the exception sustained by the court. After hearing the evidence, the trial court, "after computing the amount due the plaintiff at 3¾ per cent. of the expenditures, about which there was no question and no assignment of error on this appeal, instructed the jury to find for the plaintiff the sum of $401.50 against district No. 3 and $551 against No. 4, with other proper orders as to its payment," from which judgment this appeal is taken by the county.

The evidence shows that the commissioners of road precinct No. 3 and of road precinct No. 4 of Henderson county, in the year 1916, engaged A. B. Axtell, appellee, to render his services as civil engineer, and for

such services he was to be paid 3¾ per cent. out of the road and bridge funds, for such bridges, etc., as he should put in on the roads of the two precincts. About 75 miles of road were constructed under said agreement, and appellee was paid for road precinct No. 4 the sum of $1,750 and for road precinct No. 3, $1,950, leaving a balance due him, the two districts having $120,000 to expend.

The first error presented is:

"The court erred in peremptorily instructing the jury to find for the appellee, the evidence showed that the defense presented by the appellants entitled the appellants to have their case left to the jury. The evidence shows a complete settlement between the plaintiff and defendants. * * *"

[1] We differ with appellant, in that, the evidence does not show a complete settlement between plaintiff and defendants of plaintiff's claim. Some of defendants' witnesses mentioned in a general way that there was a compromise and settlement, but give no details in reference thereto. None testify as to any dispute between them in reference to a difference in amount due appellee. It was shown that appellee had never presented any account for the balance he claims to be due him to the commissioners, and that all claims presented by him were allowed and paid except the balance herein sued for, without any dispute whatever. There is no claim that all of 3¾ per cent. is not due; that he has been paid more than should have been paid. There is no error assigned that the amount is excessive. Besides, there is no consideration shown for said compromise and settlement. Viewing the whole evidence, we conclude that the trial court was warranted in giving a peremptory charge to find for appellee. The appellants' testimony was of such probative force "that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." Joske v. Irvin, 91 Tex. 574, 44 S. W. 1059; Eason v. Eason, 61 Tex. 225.

[2] There is no reversible error in the court not signing the charge given the jury, but such practice should not be repeated.

[3] The third assignment reads:

"The court erred in the following paragraph of its judgment: 'It is further ordered, adjudged, and decreed by the court that the commissioners' court of Henderson county, composed of J. A. McDonald, county judge, D. M. Cumbie, Elam Haynes, A. J. Cook, and A. H. Bacon, be and are hereby directed to direct the clerk of the court to issue a warrant upon the treasurer of Henderson county for the payment of the above sums of $401.50 out of the funds of road district No. 3 of Henderson county, Tex., and in directing the clerk of the county court of Henderson county, Tex., to issue a warrant upon the treasurer of Henderson county for the payment of the above sum of $551 out of the funds of road district No. 4 of Henderson county to the

plaintiff herein'—for the reason that the court had no authority to make said order and to require the clerk of said court to issue a warrant upon the treasurer of Henderson county for the payment of said sums; that the court had no authority to make said direction or said order."

The proposition under said assignment is:

"The county as a whole cannot be held liable for any debts created by road districts 3 and 4. Nor can the money arising from the taxes levied in said districts to pay the interest on said bonds and to provide a sinking fund to pay off said bonds be diverted or used for any other purpose."

The judgment orders the warrants on the amount to be paid out of the road and bridge fund of the respective districts and does not direct it to be paid out of the funds of the whole county. In this we see no error. Const. art. 5, § 8; Rev. Stats. art. 2241, § 8; Denman v. Coffee, 42 Tex. Civ. App. 78, 91 S. W. 800; Brown v. Ruse, 69 Tex. 589, 7 S. W. 489; Caldwell v. Harbert, 68 Tex. 321, 4 S. W. 607; Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505; Busch v. Caufield, 135 S. W. 244.

We think the appellant misconstrues the judgment, in that it does not order the issuance of a warrant for the payment of the amounts awarded out of funds of the whole county, but it orders the payment of moneys collected by the respective precincts for building their part of the roads in the respective districts. The debt adjudged was contracted for, to be paid out of said fund, and such fund was liable for same; it being for services in the construction of the roads. The special road laws of Henderson county provided:

"That all the money received for sale of bonds or by collection of taxes shall be done by the commissioners' court of the county, and shall be held by the county treasurer, in a fund for the designated districts, and shall be paid out, 'on the orders of the commissioners' court of said county, as provided by law,' and further provides that warrant on such funds shall be drawn by the county clerk as provided for by law for other county warrants; and section 15k (Acts 35th Leg. [1918] p. 284, the last special road law passed for Henderson county) states that it is the duty of the county treasurer to hold the funds collected, and pay them out as in other cases."

There being no other way provided for the payment of this indebtedness, and it being just and due, we see no other proper way for the court to have rendered judgment than it did. For the payment of the bonds issued, interest, and sinking fund for the building of said roads, we presume suitable provisions have been made; but said precincts have the power to collect other taxes for taking care of this indebtedness.

[4] Appellants' fourth assignment of error is, in substance, that suit having been

brought against road districts Nos. 3 and 4 in one action, they being two independent and separate districts, and on two separate contracts, it should be dismissed.

In reply to this assignment, appellee submits the following:

"At the time of the filing of this suit, on, to wit, the 8th day of August, 1917, there was no separate control of these two road districts under the special road laws for Henderson county, and there were no road commissioners of any kind or other officers of said two road districts, but the entire management, control, and direction and paying out of money was under the exclusive powers of the commissioners' court of Henderson county, and the two debts being due to the same plaintiff and payable by the same defendant (the commissioners' court), the law permitted one suit for both of them."

It is true that said contracts were made separately with each district, but at the time this suit was brought the special road law had been amended, and the road commissioners of each of said precincts had retired from office, and the whole road law had been placed in the hands of the county commissioners. It having control of the whole matter, it was useless to bring more than one suit. The whole matter had to be settled by the commissioners' court, and it was not necessary to make others parties, but the plaintiff, however, after a law was passed which provided for the creation of a body to be known as the "Board of Permanent Road Commissioners," made such members parties to this suit, and were parties when the judgment was rendered.

[5] Appellee's second counter proposition is that—

Said "plea of a misjoinder of causes of action and parties defendant is only a plea in abatement, which must be presented before other pleas and answering directly without making this plea will be a waiver. The defendants in this case having filed several answers without making this plea, and it being placed in the record really after announcement of ready for trial, the court will not permit same to be considered."

The record does not show just when this particular plea was submitted. But it shows that it was passed upon March 30th, the date when the judgment was rendered. We conclude from the record that the plea was not presented in due season, therefore it was waived as not having been presented in time.

[6] Appellant's fifth assignment of error is:

"Defendants further show that the court erred in sustaining the plaintiff's exceptions to the defendants' answer and striking out that portion of the defendants' answer in which the defendants pleaded a set-off against the plaintiff amounting to about $10,000, for plaintiff's failure to look after and have the builders of the road remove the stumps and place the proper amount of clay upon the roads as per plaintiff's contract. That the trial court erred in

sustaining said exception and in not permitting the defendants to show that the plaintiff had neglected his duty, and had caused damage to the defendants by reason of the neglect."

Appellee contends as follows:

"Appellee respectfully begs to differ with the appellants in this (the fifth) assignment of error and shows to the court the matter set up and pleaded herein, which they now call a 'set-off,' was not in fact pleaded by them as a set-off, but was pleaded by them as showing consideration for a compromise or settlement between the parties, and that the matter of such was permitted to be inquired into on the trial with the utmost latitude and freedom. That the testimony as to such settlement forms the principal part of the testimony in this case."

It will be noted from the pleadings of agreements of both parties that there was a difference and a settlement with the contractors, "Smith Bros.," but no settlement was shown with Axtell.

Appellee submitted under his first counter proposition:

"The plea that appellee should be held accountable because the road districts did not have a maintenance fund is not good in law, such damages being too remote. It being further shown that the keeping or paying out of the funds were no part of the engineer's engagement, and no part of his duty in law, and a further appearing that the said road districts did in fact get the benefit of said fund in additional roads and accepted same and settled with the road contractors therefor."

"The agreement entered into with the commissioners and Axtell did not mention the maintenance fund. Axtell did not have the ordering of a foot of the road being built. The commissioners directed them to be built. It provided as his part of the work that the engineer shall make approximate monthly estimates of the work performed, and shall present such estimates in an itemized or business like form, etc."

It was shown and not denied that Axtell complied with the foregoing provision, and it was further shown that said intended maintenance fund was put into additional roads, and this fact was not denied, but said roads were received and used by the commissioners and paid for.

Appellee further contends that—

"The answer declares that they raised this very issue of poor roads with Smith Bros. in June, 1917, five months after these roads were built, saying bad roads, stumps, thin clay, and so in June, 1917, the new county judge, the entire commissioners' court, Messrs. Luker, Massey, McLeod, Dunn, and Stewart, together with their attorney, Senator J. J. Faulk, and Axtell, got in automobiles and went from Athens down and over these roads to discover where the dirt was thin and stumps were, and did at that time settle it. They took Smith with them. The upshot was they came back and the court paid Smith. Luker testified, 'Did not see any stumps in the road.' He also said that Smith Bros., who were with the crowd, said: 'If there is

anything lacking on this road work, point it out to me, and I will have it done to suit you.' And they came back to Athens, and the court met and ordered the Smith Bros. claim be paid."

The second proposition to fifth assignment is:

"Court did not err in sustaining appellee's exception to that portion of defendants' answer setting up deficiencies in the road and roadbeds, stumps and depressions and thinness of clay, because the said answer did not set out in what road districts such occurred or on what road in either of said districts or what part of said roads, or any fact which would enable plaintiff to disprove the falsity of said charge. The court in sustaining such exceptions gave them the opportunity to set up these particular facts if they were true, and which would enable the plaintiff to meet and disprove them if not."

Appellants failed to amend said answer and went to trial with their pleadings standing with the judgment of the court sustaining the exception thereto.

Appellee presents his third counter proposition, as follows:

"Since the defendants pleaded and it is agreed that the matter of whether or not road contractors Smith Bros. had left depressions, ruts, thin clay, and stumps was brought up before settlement with said contractors, and they were finally settled on that point and the work received, and the said contractors and their bondsmen released, by the direct agreement of the defendants, then these defendants could not again call into account the same matter against the plaintiff, whose relations could only be secondary to the actual road builders, whose primary duty it was to properly build the road, even if not overlooked."

Defendants pleaded that the contractors Smith Bros. had a difference and dispute about the manner the work had been done, and in the settlement of such differences it was shown that said work had been completed according to contract, and Smith Bros. were paid in full as per contract, which was satisfactory to all parties.

The fifth assignment of error is not well taken, as the plea is defective as pointed out by the exception, and defendants' exception was properly sustained by the court.

Finding no reversible error in the record, the judgment is affirmed.