**PASCHALL et al. v. RENSHAW et al.**

No. 14147.

Court of Civil Appeals of Texas.
Fort Worth.
July 12, 1940.

Jennings C. Brown and H. G. Woodruff, both of Decatur, for appellants.

M. W. Burch, of Decatur, and Chas. A. Baker and Mack & Mack, all of Fort Worth, for appellees.

SPEER, Justice.

This is an appeal from an order of the District Court of Wise County, granting a writ of mandamus against the members of the Commissioners' Court of that County.

R. R. Renshaw, Horace Renshaw and Federal Land Bank of Houston, as relators, hereinafter referred to as appellees, applied to the District Court for the writ against Harlan Brown, County Judge of Wise County, R. H. McClung, Ed L. Paschall, T. F. Cook and Abe Birdwell, the latter four being the members of the Commissioners' Court of Wise County, Texas, and Frank H. Clay, County Clerk and ex-officio clerk of the Commissioners' Court,

they being respondents in the trial court and will be referred to by us as appellants.

Appellees' petition alleged that they had theretofore recovered a judgment in a condemnation suit against Wise County, a political subdivision of the State, in the County Court of Wise County, for $4,535, with interest thereon at six per cent per annum, from November 15th, 1938; that the judgment was in all respects valid and a subsisting obligation owing by the county. That Wise County had excepted to and had attempted to perfect an appeal from the judgment upon which appellees' claim is based, but failed to file a transcript in the Court of Civil Appeals, and upon motion of appellees, the Appellate Court had affirmed the judgment on certificate.

Allegations were made that subsequent to the affirmance on certificate, mandate had been returned to the County Court, and appellees presented to the Commissioners' Court their verified account in the amount of their judgment, accompanied by a certified copy of the judgment of the County Court and the mandate from the Court of Civil Appeals, requesting the Commissioners' Court to allow the claim as a second class one, and to issue the County's warrant on the treasurer for its registration and payment out of any funds available for said purpose. That at a regular meeting of the Commissioners' Court, three members were present, they constituting a quorum; two of the commissioners voted to disallow the claim and the issuance of a warrant for its payment, and one voted to the contrary. That an order was entered on the minutes of the court in keeping with the vote cast by a majority of the Commissioners' Court present and voting.

It was further averred by appellees that said judgment was in all respects valid, subsisting and unsatisfied, and that in their verified claim filed with the Commissioners' Court, they stated all the facts and circumstances required by law to perfect the verification of said claim; that the claim was disallowed and issuance of warrant to the treasurer was denied by the Commissioners. They prayed for a writ of mandamus against the appellants, commanding them to perform the ministerial function of allowing said claim, to issue warrant on the treasurer therefor as a second class claim to be paid out of any funds available for that purpose.

Appellants' answer consisted of pleas in abatement, general demurrer, special demurrers, general denial and many special pleas. The answer consists of twenty-one pages, together with twenty pages of exhibits. The exhibits appear to be, (1) the petition of appellants here, to the County Judge of Wise County, to appoint commissioners to assess and award damages to appellees for a strip of land to be taken for public highway purposes; (2) the order of appointment, the qualification of the commissioners, a report of their actions therein and the award of damages, all filed with the said County Judge; (3) the answer of appellants to objections of appellees (condemnees in the County Court) to the award of the commissioners, and (4) the judgment of the County Court in the condemnation proceedings, wherein appellees here recovered the sum which they asked the Commissioners' Court to allow and order paid.

The two pleas in abatement presented by appellants were, (1) relators (appellees) sought a writ commanding the respondents (appellants) to allow and order paid a judgment against Wise County, when said County was not a party to the suit in which the judgment was rendered. The judgment was therefore void and the relief prayed for should not be granted; and (2) because appellants had filed suit in the County Court of Wise County, cause No. 2899, directly attacking the validity of the judgment entered by that court in cause No. 2871, in which the writ herein applied for seeks to have allowed and paid; that suit being pending and undisposed of, the District Court has no jurisdiction to enforce payment of the judgment so attacked.

Among the special exceptions urged by appellants which were overruled by the court, were such as, the petition was insufficient because it disclosed that they sought the collection of a judgment against Wise County in a case to which said County was not a party; and because the petition did not disclose that appellees had no adequate remedy at law.

Appellants' special pleas in defense, as against the relief sought by appellees in the instant suit, were substantially: (1) the duties enjoined upon the Commissioners' Court of Wise County was to audit and investigate claims presented and to determine whether or not they were such as

should be paid; to either allow or disallow them, dependent upon the result of said investigation; that the decision reached by the Commissioners' Court was entered upon its minutes and became a judgment and decree of a court created by law, and did not constitute a ministerial act; that the judgment and decree thus arrived at could not be reviewed or altered by the District Court in a mandamus proceeding, as was attempted in the case at bar; but the only means by which such a judgment could be reviewed was upon appeal therefrom; (2) the claim of appellees which they sought to have allowed, classified and ordered paid, was based upon a judgment rendered by the County Court of Wise County in cause No. 7871, and was void, because, (a) the court, in which the judgment was rendered, was without jurisdiction in that the objections of appellees (condemnees in the suit) to the award of the special commissioners were filed in the office of the County Judge and not with the County Clerk of Wise County; (b) Wise County was not a party to the condemnation proceedings in cause No. 2871, and no valid judgment could be rendered against it, as was attempted to be done in that cause. Prayer was that the relief sought be denied.

The instant case was tried to the court without a jury. The writ of mandamus was granted, to which action of the court exception was taken and this appeal was perfected by supersedeas bond.

■ No statement of facts is before us. The judgment recites that the pleas in abatement and all general and special exceptions were overruled. Insofar as the pleas in abatement are concerned, in the absence of a statement of facts, there is nothing before us for determination. Vilbig v. Faison, Tex.Civ.App., 296 S.W. 669, writ dismissed.

As we view this rather complicated and complex record, in which are findings of facts and conclusions of law by the trial court, there is little we can do about the matters complained of by appellants, except as hereinafter pointed out.

This action was instituted by appellees for the extraordinary remedy of the writ of mandamus to require appellants to allow, classify and issue a warrant for payment out of any available funds, a verified account in the form of a judgment rendered by the County Court in a condemnation proceeding, held in Wise County. The judgment was by a court of constitutional and statutory power to hear and determine matters in condemnation. The judgment is plead haec verba by both parties. By its terms, after reciting appearances, disposition made of special pleas, the special issues submitted and the jury's answers thereto, it further states: "It is therefore ordered, adjudged and decreed by the court that the defendants (appellees) R. R. Renshaw, Horace Renshaw and the Federal Land Bank of Houston, do have and recover judgment against the plaintiff, Wise County, in the State of Texas, the sum of Four Thousand Five Hundred Thirty Five ($4535.00) Dollars, with interest from November 15th, 1938, at the rate of six (6) per cent, together with all costs in this behalf expended."

■ The settled rule in such cases seems to be that a person applying for the writ must plead specifically all facts entitling him to the relief sought against an officer, and that all matters must be negatived that the pleader could reasonably anticipate that the one against whom the writ is sought could properly plead or prove in defense of the issuance of the writ. If the applicant fails to so plead a general demurrer should be sustained, and, of course, this would defeat the writ. Houston Tap & B. Railway Co. v. Randolph, 24 Tex. 317; Bledsoe v. Railroad Co., 40 Tex. 537; Watkins v. Huff, Tex. Civ.App., 63 S.W. 922; Johnson v. Elliott, Tex.Civ.App., 168 S.W. 968, writ refused; City of El Paso v. Carroll, Tex.Civ.App., 108 S.W.2d 251, writ refused. In the case of Watkins v. Huff, supra, test was made of the pleading by determining if the petition was subject to the general demurrer. In the original opinion, the petition was held to be bad as against the demurrer, but on motion for rehearing it was held that a general allegation that the contract (which was sought to be enforced) was in all things regular and legal, was good as against the general demurrer and a sufficient basis for the issuance of the writ of mandamus.

■ In the instant case there were allegations by appellees that they "recovered at a regular term of County Court of Wise County, Texas, a valid, subsisting and final judgment against Wise County, Texas, in cause No. 2871 * * *." That condemners attempted to appeal therefrom, but did not file in the Court of Civil Appeals a transcript, and upon application of condemnees, the judgment of the trial court

722

was affirmed on certificate; that a certified copy of the judgment and the mandate of this court was attached to the account and all verified when presented for allowance. We think these allegations were sufficiently certain and specific, upon which to base a judgment granting the writ, if the evidence warranted it.

■ The finding of facts by the court is conclusive that there must have been some evidence adduced before him. The judgment rendered recites that the court heard the pleadings and the evidence. The finding of facts by the court is challenged by appellants, but in the absence of a statement of the testimony offered, we are in no position to pass upon the contention made. It is almost axiomatic that when the evidence is submitted to the court in lieu of a jury, and no statement of facts is presented for review, the presumption prevails that the court found the facts to be such as would support the judgment entered.

Several of the twenty-five propositions urged by appellants, in one form or another, contend that the Commissioners' Court, being a constitutional body, sits in a quasi judicial capacity, and some of its duties are to audit accounts which may be presented against the county; that its actions thereon become judicial functions and can only be reviewed by an appeal therefrom and cannot be determined in a mandamus proceeding, as was attempted to be done in the instant case.

■ It cannot be successfully denied that many of the functions of the Commissioners' Court do involve a type of judicial determination, and when fairly arrived at, its discretion, as evidenced by its orders and decrees, is as binding as judgments of other courts acting within their respective jurisdictions.

Article V, Section 8, of the State Constitution, Vernon's Ann.St., among other things, provides: "The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

■ The Legislature has made no provisions of law by which appeals may be perfected from a Commissioners' Court to the District Court. The only condition of law that we are able to find by which such supervision may be exercised by the District Court is a direct proceeding for that purpose. The claim presented by appellants to the Commissioners' Court was one consisting of a judgment entered by a court of competent jurisdiction. There is no discretion left for the Commissioners' Court in determining whether or not the claim is just and subject to payment. It becomes the official duty of that court to classify, allow the claim and cause it to be registered by the treasurer for payment. Article 1575, R.C.S., reads: "No execution shall be issued on any judgment against any county. When a judgment is rendered against a county the commissioners court of such county shall settle and pay such judgment in like manner and pro rata as other similar claims are settled and paid by said court." Article 1626 provides how claims shall be classified. Section 2 of that article covers the class of claims asserted by appellees. Their request to the Commissioners' Court was for that classification.

In Kaufman County et al. v. Gaston et al., Tex.Civ.App., 273 S.W. 273, 274, writ refused, the court had a similar question to that under discussion here. It was there said: "Where the commissioners' court has refused to have the clerk issue a warrant in payment of a judgment or claim which has been established or approved against the county, a writ of mandamus will lie to compel them to issue said warrant, since it is a ministerial act which they are required to perform, and which must be done before the county treasurer is authorized, to register or pay the warrant. Denman v. Coffee, 42 Tex.Civ.App. 78, 91 S.W. 800; Brown v. Ruse, 69 Tex. 589, 7 S.W. 489; Cobb & Gregory v. Parker County (Tex.Com.App.) 236 S.W. 1108." To the same effect are White v. Calaway, County Judge, Tex.Civ.App., 282 S.W. 642, writ refused; Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472, writ refused. To our mind the last cited case goes even further than either of the other cited cases. There, the Commissioners' Court had raised an assessed valuation on property while acting as a board of equalization. The owner brought suit in the District Court to have the order of the Commissioners' Court set aside. In de-

fense, it was contended that the District Court was without jurisdiction, absent an appeal from the decree of the Commissioners' Court. It was held that since no provision of law had been enacted whereby the District Court could review the acts of the Commissioners' Court by a direct appeal, under the constitutional provision above referred to by us, plaintiff's remedy was by a direct proceeding in the District Court.

From what we have said and the authorities cited, we think the exceptions, even though general in their nature, were properly overruled. The petition of appellees being based on a judgment against the county, it is clear that under Article 1575, quoted above, they could not have execution against the county and their only remedy was one of mandamus to require the Commissioners to perform the ministerial duty sought. The judgment upon which appellees' claim was based shows upon its face, as pleaded by all parties, that it was against Wise County. In the absence of evidence impeaching the judgment, it must be found to be correct; hence there was no error in the trial court overruling the exception that Wise County was not a party to the suit in which the judgment was rendered.

Nor do we see any merit in the group of propositions referred to which contend that the acts of the Commissioners' Court in disallowing the claim of appellees was a judicial function reviewable only on appeal therefrom. We hold that since the claim was for a judgment against the county, it became the duty of the Commissioners' Court to allow the claim, classify it and cause a warrant to issue against the treasury to be paid out of funds available for that class of claim. These duties were ministerial and the district court had the power to order them performed. Kaufman County v. Gaston, supra.

Another group of propositions presented by appellants should be considered by us. They raise the question that the judgment in the County Court in cause No. 2871 was void, and that its invalidity is apparent upon its face; in that it discloses a lack of jurisdiction in the County Court to hear and determine the issues involved. That part of the judgment relied upon by appellees to avoid it recites that appellants (condemnees) "having excepted to the award of the commissioners heretofore filed on the 5th day of November, 1938, with the county judge of Wise County, Texas, by filing of their objections thereto in the office of the County Judge of Wise County in the time and manner required in law * * *." Put another way, it is contended that because the judgment shows that condemnees filed their objections to the award of the special commissioners, in the office of the county judge, and not with the county clerk, the judgment discloses that the court was without jurisdiction to hear the condemnation proceedings.

Aside from the reference just made to a judgment in the County Court, this record contains references to other judgments entered by the County Court in connection with the condemnation proceedings, as well also a suit now pending in that court, attacking directly the judgment in cause No. 2871. These things prompted us in the early part of this opinion to refer to the record as a complex one.

In the absence of an order consolidating all of the suits referred to, we must confine ourselves to a consideration of only the proceedings had upon the trial of the instant case. Such records as have been made or may be made in other cases can have no bearing upon this appeal. State v. Savage, 105 Tex. 467, 151 S.W. 530.

There being no statement of facts proved upon the trial, we are without light upon the subject of whether or not Article 3266 and the various sections thereof were strictly complied with. The trial court in this case entered judgment for the mandatory writ to issue commanding appellants to set aside their former order disallowing the claim of appellees and to allow the claim based on the judgment against Wise County, to classify the claim and cause the warrant to be issued upon which payment would be made. The County Court had exclusive constitutional and statutory power and jurisdiction to try the condemnation proceedings in cause No. 2871 and enter judgment therein. The granting of the writ of mandamus in this case was equivalent to a finding by the court that the judgment upon which appellees' claim was based was valid and binding. We must presume that there was evidence before the court to support the judgment entered. The recitation in the judgment that condemnees filed their objections to the Commissioners' award in

the office of the County Judge does not negative a showing or even evidence that they were also filed with the County Clerk. The statute (Art. 3266, sec. 6) does not indicate where such objections shall be filed.

The controversy in the condemnation proceedings was properly triable in the County Court in cause No. 2871. That being a court having exclusive jurisdiction in such matters and having entered the judgment relied upon by appellees for the claim presented, there is nothing in the record of the case at bar to show that it did not acquire jurisdiction of the parties and subject matter. It is true that appellants alleged a want of jurisdiction in that court; the grounds alleged would require proof to establish the facts relied upon. While upon the other hand, if it was incumbent upon appellees to prove the validity of the judgment, we cannot say the proof was not made, in the absence of a statement of the evidence offered. The court entered judgment reciting that he had considered the pleadings and evidence, upon which he entered the judgment before mentioned.

Irrespective of how the objections of appellees to the Commissioners' award found their way to the hands of the County Clerk, this much is certain, the suit was filed and docketed as cause No. 2871. The record is silent as to when this was done. We know it was prior to the time appellants filed their motion on April 4th, 1939, in that numbered cause, asking the County Judge to enter the award of the Commissioners as the judgment of the court. This motion was denied by the court and cause set down for trial.

We are not privileged at this time to review the County Court case in which appellees' property was sought to be condemned, and by which it was taken and appropriated for highway purposes. That case is not before us; only the judgment there entered is incidental to the case under consideration. We do not think the judgment is such as to negative the jurisdiction of the court that entered it, and thereby render it void.

The policy of our law in matters of eminent domain is to require those enjoying that privilege, to pay the owner for the value of his property appropriated, through the means provided by law. We are not inclined to search for an irregularity or technical excuse to thwart that policy and purpose. If, as in this case, a fair interpretation of the somewhat ambiguous judgment entered can reasonably be given to the language used, the judgment of the court should be upheld and not stricken down.

Complaint is made by appellants in one proposition that the court erroneously taxed the cost of suit against them individually. In another proposition it is contended that the court should not have taxed the costs of suit against Ed L. Paschall, R. H. McClung and Abe Birdwell.

Article 2066, R.C.S., provides that the court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the chapter of which that article is a part.

The record in this case shows conclusively that when appellees' claim was presented to the Commissioners' Court, Harlan Brown, the County Judge, and three county commissioners, Cook, Birdwell and McClung, were present; Paschall was absent. McClung and Birdwell, being a majority of the three members present, voted to disallow the claim; Cook voted to allow it. The pleadings show that if all members of the court had been present and a tie vote had resulted, Judge Brown would have cast the deciding vote to allow the claim. The judgment entered assigns these and other reasons, which we think sufficient, for having taxed the costs in the case against Paschall, McClung and Birdwell. Taxing the costs under the above statute is largely a matter of discretion with the trial court, when reasons therefor are shown in the record, and unless he abuses that discretion we should not disturb it. Hays v. Tilson, 18 Tex.Civ.App. 610, 45 S.W. 479; Morrow v. Terrell, 21 Tex.Civ.App. 28, 50 S.W. 734; Cox v. Patten, Tex.Civ.App., 66 S.W. 64; Texas & P. Ry. Co. v. Davis, Tex.Civ.App., 66 S.W. 598; Beaumont Rice Mills v. Bridges, 45 Tex.Civ.App. 439, 101 S.W. 511, in each of which cases the writ of error was refused.

Officers, who are ordered by a writ of mandamus to perform an official duty, are liable individually and personally for the costs incurred in procuring the mandatory order; and costs will not be taxed against them in their official capacity

unless they show they have funds in their hands, as such officers, with which to pay. 28 Tex.Jur. sect. 72, p. 651.

The writ of mandamus was properly issued and no error is shown by the manner in which the costs were taxed. The judgment of the trial court should be, and is, therefore, affirmed.