

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

December 3, 1973

The Honorable Bill Lofland
County Attorney
Rockwall, Texas 75087

Dear Mr. Lofland:

Opinion No. H- 171

Re: Procedure to be followed
in payment of claims
against counties

Your letter requesting our opinion advises that Rockwall County has
no auditor and, in the past, has followed the procedure of having bills filed
with the County Clerk and submitted to the Commissioners Court for appro-
val. If approved, a scrip or warrant was issued by the County Clerk and
presented the County Treasurer for payment.

The questions you have submitted to us are:

"What is the proper and legal administrative
procedure to follow in Rockwall County, Texas, in
the presentment and payment of bills and debts incurred
by each of the county commissioner's in the performance
of their duties as commissioners? "

"What is the proper and legal procedure to follow
in Rockwall County, Texas, in the presentment and pay-
ment of all other bills and debts in the operation of the
county business? "

Your request is prompted by a memorandum and a notice issued and
published by the County Treasurer. The memorandum provides:

"Each county treasurer shall keep a well-bound book in
which he shall register all claims against his county in
the order of presentation, and if more than one is presented
at the same time he shall register them in the order of
their date. He shall pay no such claim or any part thereof,
nor shall the same, or any part thereof, be received by any

p. 782

officer in payment of any indebtedness to the county until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered.

"In order to comply with the above statute, we wish to advise the office holders of Rockwall County that all claims and or bills will be registered in the office of the County Treasurer on the date that such claims are received. No claims and or bills will be paid by the County Treasurer unless registered in accordance with this statute. If there are any questions please feel free to contact the County Treasurer's office. This change will be effective Tuesday, September 11, 1973."

The notice, apparently mailed to persons and firms doing business with the county commissioners, provides:

"The County Treasurers Office is making an effort to comply with the laws of our State. In order to comply with the law we need your co-operation. All claims, bills and accounts against Rockwall County must be registered in the Office of the County Treasurer on the date received.

"Please mail all your claims to the County Treasurer. This will simplify our new procedure and enable us to comply with the law concerning the County and your claim.

"Please make sure that all invoices are signed by the person receiving the merchandise. This will expedite the processing of your claim. No claim will be paid unless it has been registered with the County Treasurer."

Statutes having to do with the creation of the office of county treasurer and his functions and duties are contained in Title 36, Articles 1703 to 1714, V. T. C. S. Those having to do with county finances, other than those relating to the county auditor, are found as Chapter 1 of Title 34, Articles 1607 to 1644d, V. T. C. S.

In 1971, the Legislature expressly amended Article 1709 of the Statutes, defining the duties of the County Treasurer, and adopted what has been codified as Article 1709a, V.T.C.S., dealing with the same subject matter. (Acts 1971, 62nd Leg., R.S., ch. 467, p. 1654). Although it did not expressly amend or repeal statutes in Title 34, County Finances, the Act had the effect of gathering into one article all of the statutes bearing upon the functions and duties of the Treasurer.   The caption of the Act is:

> "An Act amending Article 1709, Revised Civil
> Statutes of Texas, 1925, as amended, providing for
> the receiving, safekeeping and disbursing of all moneys
> belonging to the county by the County Treasurer; pre-
> scribing and clarifying the duties of the County Treasurer
> pertaining thereto; making said duties applicable to each
> County Treasurer of the State; making them chief custo-
> dians of county moneys and liable for any willful dere-
> liction of duty or misuse of funds; pertaining to duties
> of other officers with responsibilities related to county
> money; providing a severability clause; providing a
> clarifying clause; and declaring an emergency."

Section 7 of the Act, the so-called "clarifying clause" states:

> "The need to clarify the receiving, safekeeping and
> disbursing of county moneys and to prescribe the duties of
> County Treasurers in the handling of moneys belonging to
> the counties create an emergency. . . ."

Article 1709, as amended, provides that the County Treasurer, "as chief custodian of county finances" is to receive all moneys belonging to the county from all sources, is to keep an account for them, is to pay and apply or disburse them "in such manner as the Commissioners Court may require or direct. . . ."

Section 2 of Article 1709a deals with the receipt of funds by the Treasurer. Section 3 has to do with their safekeeping.  Section 4 deals with the disburse-

ment of county funds.  It provides generally that the County Treasurer "shall disburse all moneys belonging to the county, for whatever purpose they may be claimed, and shall pay and apply the same as required by law. No money shall be expended or withdrawn from the county treasury except by checks or warrants drawn on the county . . . ."  The detailed provisions of §4 are:

> (a) The treasurer is required to enter "each claim"in a bound register stating the class, the name of the payee and the number of the claim.

> (b) The treasurer may pay no claim until it has been duly registered and all claims in each class are to be paid in the order in which they are registered.

Section 4(c) applies to counties having a county auditor and is not applicable to Rockwall County.

Section 4(d) deals with warrants and requires the treasurer, upon presentation to him of "any warrant, check, voucher or order drawn by the proper authority" if there are sufficient funds to pay the warrant in the account against which it is drawn, to endorse upon it his order to pay it.

The first paragraph of the memorandum issued by your County Treasurer is Article 1625, V. T. C. S., verbatim.  And see Article 1709a, §4(b).

The notice which we have quoted above would indicate that the County Treasurer interprets the statutory language to mean that he is to register claims, bills and accounts before they have been approved by any other county officer.

We believe that he has misconstrued the statutory language.  Article 1713, V. T. C. S., provides that the County Treasurer shall not pay any money out of the County Treasury except in pursuance of a certificate or warrant "from some officer authorized by law to issue the same."  It is our opinion that the Treasurer as stated in Article 1709, as amended in 1971, is a custodian. He is to receive moneys belonging to the County, to keep and account for them, and to disburse them "in such manner as the Commissioners Court may require

or direct." The duties imposed upon the Treasurer by this Article and others we have cited herein, are, in our opinion, ministerial only and require the exercise of no discretion.

The County Commissioners and their court, on the other hand, are given the express authority and duty to "[a]udit and settle all accounts against the county and direct their payment." Article 2351, §10, V. T. C. S. Without the approval of the County Commissioners, the issuance of a county warrant is in violation of the statutory duties of the Treasurer. Padgett v. Young County, 204 S. W. 1046 (Tex. Civ. App., Ft. Worth, 1918, err. dis'm., 229 S. W. 459 (Tex. 1921); Gussett v. Nueces County, 235 S. W. 857 (Tex. 1921); Denman v. Coffee, 91 S. W. 800 (Tex. Civ. App., 1906).

It is our opinion, therefore, that the proper procedure to be followed with all claims against the county, other than jury scrip and scrip issued for feeding jurors (see Article 2122, V. T. C. S.) is for any claim, bill or account for any expense or indebtedness of the county to be submitted to the Commissioners Court for its approval. If it is approved, a warrant should be drawn by the county clerk and submitted to the County Treasurer for his endorsement (Article 2554). It is at that time that claims should be placed upon the register maintained by the County Treasurer in the order of their date.

## SUMMARY

The County Treasurer is a custodian of funds and has no authority to approve or disapprove claims presented for payment. A claim, approved by the proper county authorities, when presented to the Treasurer, should be registered and paid according to date. If funds are unavailable, claims should be paid in the order in which they are registered as funds do become available.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee