**JOHNSON et al. v. SUNSHINE OIL CORPO-RATION et al. (No. 1151.)**

(Court of Civil Appeals of Texas. El Paso. Jan. 13, 1921. Rehearing Denied Feb. 17, 1921.)

1. **Mines and minerals** �köm36—Application for permit describing land by section number, etc., sufficient.

An application to the Land Commissioner for a permit to prospect for oil and gas which describes the land by section number, block number, and township, found in the county to the clerk of which the application is addressed, is sufficient to identify the land as required by Vernon's Ann. Civ. St. Supp. 1918, art. 5904b.

2. **Mines and minerals** ⊧⊸36—Report of appraisers not evidence of classification of school lands as affecting permits to prospect for oil and gas.

The report of the board of appraisers as authorized by Act April 18, 1913, c. 160 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5423a–5423c), amending Vernon's Sayles' Ann. St. 1914, art. 5407, that the proper classification of certain school land was grazing land, was not record evidence that the land was ever classified and sold as grazing land, so that it was not within the provisions of the act authorizing the issuance of permits to prospect for oil and gas (article 5904b, Vernon's Ann. Civ. St. Supp. 1918).

3. **Mines and minerals** ⊧⊸36—Where purchaser represented land was agricultural, etc., state could permit another to prospect for oil and gas.

Where school land was awarded to a private purchaser, whose application represented that he was buying it for agricultural or grazing purposes only, and that, if it was classed as mineral, the sale was on the express condition the minerals should be reserved to the school fund, the state had authority to grant, under Vernon's Ann. Civ. St. Supp. 1918, art. 5904b, a permit to prospect for oil and gas thereon to one other than such purchaser's successor.

4. **Pleading** ⊧⊸236(6)—Permitting amendment of answer to show true date of complying with lease not erroneous.

In suit to cancel an oil lease, the trial court did not err in permitting defendant lessee to amend its answer so as to show the true date when it complied with a provision of the lease by furnishing a copy of the reports of the expert who made a geological survey.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by Robert G. Johnson and others against the Sunshine Oil Corporation and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Gillis A. Johnson, Joe D. Johnson, and R. G. Johnson, all of Fort Worth, for appellants. W. P. Brady, of El Paso, and Jno. B. Howard, of Pecos, for appellees.

HARPER, C. J. R. G. Johnson brought this suit against Carl M. Eddins, D. W. Beard, and the Sunshine Oil Corporation to cancel an oil lease to the latter by plaintiff to remove cloud, and on the part of the defendant Beard to cancel permit to prospect for oil issued to Beard by the state of Texas on section 22, block 54, township 4, T. & P. Ry. Co. survey, Reeves county, Tex. Joe D.

Johnson intervened as warrantor of title to plaintiff.

Suit was dismissed as to Eddins, and as to the other defendants tried before court without a jury, and resulted in judgment for defendants, quieting title in them to the lands in controversy. Here for review.

As against appellee Beard the following questions are presented by assignments:

(1) "That the court should have rendered judgment for plaintiff as to Beard because his application to the Land Commissioner for permit to prospect for minerals was not sufficient to authorize issuance of permit in that it did not identify the land or the county in which it is situated."

The application described the land as "section 22, block 54, township 4, grantee, ———, certificate ——— in ———," and was filed with the county clerk of Reeves county first, then in the land office, and by said office applied to the land in controversy, designating it as containing 640 acres.

The contention is that the application does not designate the area applied for, nor the number of acres, nor the name of the grantee, nor the certificate number, nor the county in which it is situated.

[1] Article 5904b, Vernon's Ann. Civ. St. Supp. 1918 of Texas provides:

"One desiring to obtain the right to prospect for and develop petroleum oil and natural gas that may be in any of the surveyed areas included herein shall file with the county clerk an application in writing giving a designation of same sufficient to identify it."

An application describing land by section number, block number, and township which is found in the county to the clerk of which the application is addressed is sufficient to identify the land.

The second, third, fourth, and fifth assert that the court erred in refusing to render judgment for plaintiff and intervener because:

First. The land having been classified and sold by the state to Joe D. Johnson as grazing land, it was not within the provisions of the act authorizing the issuance of permits to prospect for oil and gas.

Second. That it was the private property of the plaintiff, and the state had no authority to grant a permit to any one except plaintiff.

Third. That the act authorizing the issuance of permits to strangers to exploit privately owned property is unconstitutional.

Fourth. That the state having sold the land to plaintiff's grantor as grazing land for a valuable consideration without notice of any claim to the minerals, the state and appellee Beard are estopped to claim that the land is subject to issuance of oil and gas permits.

**Findings of Fact.**

The land is unpatented public free school land. It was originally classified as dry grazing and mineral land; was awarded to S. J. Bond, sold by Bond to Boles, by Boles to Rawlins; was forfeited by the Land Commissioner for nonpayment of interest July, 1913. Then, under the provisions of an act of the Legislature in 1913 (articles 5423a, 5423b, and 5423c, Vernon's Sayles' Civil Statutes) which provided for a reappraisement of lands in such cases by a board of appraisers and the right to repurchase at such price as said board fixed, the land was reappraised and later awarded to said Rawlins by the Land Commissioner. Upon the application was the indorsement: "Class, Graz. O. K." The land was then sold by Rawlins to plaintiff R. G. Johnson, and the latter sold to intervener Joe D. Johnson a one-tenth interest in the N. W. ¼; then by the latter back to plaintiff.

Under the application described in the discussion of assignment No. 1, the Land Commissioner issued a permit in proper form to D. W. Beard to prospect for and develop oil and gas.

[2] The answer to the first contention is that there is no evidence in the record that the land was ever classified as grazing land, unless the report of the board of appraisers can legally be declared to be such. The report is:

"The undersigned board of appraisers authorized by chapter 160, act approved April 18, 1913, * * * report that * * * in our opinion the reasonable value and proper classification of same are as stated opposite each tract shown hereon."

Under "Classification" "Grazing" appears. Article 5407, Vernon's Sayles' Stat., provides "that the Commissioner of the General Land Office may * * * classify or reclassify" public free school lands. This article also provided that the commissioner should "value and revalue," but in this latter respect was amended by the Act of 1913 (articles 5423a, 5423b, and 5423c, supra). A board of appraisers was created and appointed to reappraise, but this act does not give said board any authority to reclassify, so the land stands classified as "dry grazing and mineral land."

[3] The answer to the second and third contentions is that the application upon which this award was made to Rawlins contains the following stipulations:

"For the purpose of buying said land, I hereby represent that I am buying it for agricultural or grazing purposes only, and, if it is classed as mineral land, the sale to me is upon the express condition that the minerals therein shall be and are reserved to the fund to which the land belongs, to all of which I agree."

The Commissioner's award indorsed upon the back of this application must necessarily

mean that to the award was attached this condition. True, the application is that he applies to "buy the land for agricultural and grazing purposes only," and the notation of the Commissioner is "Class, Graz." But these things could not be held to be a reclassification. It would seem that, since the statute (article 5406) requires the Commissioner to "adopt all necessary forms of applications for sales, etc.," that we may well presume that this application was prepared by him, and he, as well as the purchaser, was limited to its contents, and a notation on the back that fell short of the provisions upon its face would not limit the latter or be a sale of the land as grazing land without a reservation of the minerals; and the classification noted in the land office and filed in the county where the land is situated as provided by statute serves to reserve the minerals for the school fund, and these records are notice to the purchaser of such reservations. If the land had been classified and sold without reservations, then the appellant's contentions would be well taken. Greene v. Robison (Sup.) 210 S. W. 498.

As to the Sunshine Oil Corporation the action is to cancel a lease executed by Joe D. Johnson to Howard and Tinally to the section involved and by the latter assigned to said corporation. The court did file findings of fact. One of the grounds relied on for cancellation is that by the writing the corporation was "to cause a geological survey of said locality, including the land described, for oil and gas production, and to furnish a copy of all experts' reports thereon," and that it failed to comply with that provision.

The answer of the corporation to this matter was that "within 60 days after May 28, 1918," it complied with that provision by furnishing copy of the reports. At the close of the case the court permitted the attorney for the corporation to change this allegation to "May 28, 1919," and this is assigned as error.

[4] There is no time limit fixed in the lease within which this provision should be complied with, and it will be presumed that the court found under the evidence that it had been complied with. It would seem that an allegation of the time within which it was complied with would be immaterial, but, if material, there was no error in permitting the defendant to amend his answer so as to show the true date. Goldman v. Broyles, 141 S. W. 283.

The next and last assignment charges error in not rendering judgment for plaintiff canceling the lease for failure to comply with the provision to furnish said geological report. Since there is evidence that the report was furnished, it was not error for the court to find that the provision of that contract had been complied with and enter judgment accordingly.

Finding no error, the assignments are overruled, and cause affirmed.