**JOHNSON et al. v. SUNSHINE OIL CORPORATION et al.    (No. 3739.)**

(Supreme Court of Texas.    June 14, 1922.)

**1. Mines and minerals ⊜⇒4—Resale of land classified as grazing land after forfeiture held not to reserve minerals in the state.**

Resale of land classified as grazing land after forfeiture through nonpayment of interest under Acts 33d Leg. (1913), c. 160 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5423a et seq.), did not reserve minerals in the state, though application to repurchase provided for reservation of minerals if lands should be classified as mineral lands; such stipulation in the application being effective only where land had been classified as mineral land.

**2. Pleading ⊜⇒258(4)—Permitting amendment of answer after all evidence was in held error.**

In an action to cancel an oil lease because of lessee's failure to furnish a report of the geologist's survey within a reasonable time, the court erred in permitting the defendant to amend its answer, after all the evidence was in and plaintiff was arguing to the court, so as to show the correct date when it furnished the report.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Robert G. Johnson and others against D. W. Beard and the Sunshine Oil Corporation. From a judgment of the Court of Civil Appeals (227 S. W. 698) affirming a judgment for defendants, plaintiffs bring error. Judgment for defendant Beard reversed and rendered in favor of plaintiffs in error, and judgment for defendant Sunshine Oil Corporation reversed, and remanded for new trial.

Robert G. Johnson, Gillis A. Johnson, and R. E. Rouer, all of Fort Worth, for plaintiffs in error.

Roy I. Biggs and John B. Howard, of Pecos, and W. P. Brady, of El Paso, for defendants in error.

PIERSON, J.    Robert G. Johnson, as plaintiff, and Joe D. Johnson, intervener, as warrantor of title of Robert G. Johnson, sued defendant in error D. W. Beard to remove cloud cast on title of plaintiff in error Robert G. Johnson to section 22, block 54, township 4, Texas & Pacific Railway Company survey in Reeves county, Texas, by reason of a certain oil and gas permit No. 6927 issued by the commissioner of the general land office of the state of Texas to said D. W. Beard on March 26, 1920, under which permit said D. W. Beard claims the right to prospect for oil and gas on said land of plaintiff in error Robert G. Johnson, and sued defendant in error Sunshine Oil Corporation to remove cloud from title to above-described land of plaintiff in error Robert G.

Johnson by reason of the claims of said Sunshine Oil Corporation to an oil and gas lease on said land as the assignee of original lessees. On February 29, 1919, plaintiff in error Joe D. Johnson, the lessor, declared said lease forfeited by the Sunshine Oil Corporation for breach of the express conditions thereof, and on April 7, 1920, suit was brought to remove cloud from title on account of said lease. The case was tried before the district court of Reeves county without a jury, and on May 26, 1920, the district court rendered judgment in favor of both defendants in error D. W. Beard and the Sunshine Oil Corporation, and that both plaintiffs in error take nothing. The Court of Civil Appeals for the Eighth Supreme Judicial District affirmed the judgment of the district court. 227 S. W. 698.

The land originally was awarded by the state to S. J. Bond as dry grazing and mineral land. Later it was transferred by Bond to W. B. Boles, and by Boles to H. L. Rawlins. In July, 1913, after the passage of the act of April 18, 1913 (chapter 160, p. 336, Acts 33d Leg. [Vernon's Ann. Civ. St. 1914, art. 5423a et seq.]), Rawlins permitted the land to become forfeited for nonpayment of interest.

In October, 1913, the board of appraisers provided for by said act reappraised this land and classified it as dry grazing land. The commissioner of the general land office entered the classification "dry grazing" in the classification book of the general land office. Rawlins filed his application to repurchase this land, and described it as having been classified as grazing land. In the land office his application was indorsed as: "Class, graz. Appr'm't, $2.00." The land was awarded to Rawlins upon his application. Rawlins' application to repurchase contained the following clause:

"For the purpose of buying said land, I hereby represent that I am buying it for agricultural or grazing purposes only, and if it is classed as mineral land the sale to me is upon the express condition that the minerals therein shall be and are reserved to the fund to which the land belongs, to all of which I agree."

The land was transferred, and became the property of plaintiffs in error.

On March 26, 1920, oil and gas permit No. 6927 was issued by the commissioner of the general land office to D. W. Beard.

The first of the two issues in the case is based upon the validity of this oil and gas permit. Its validity is contingent upon the question as to whether or not, in the manner it was done, the land was classified as "grazing" land by the commissioner of the general land office and awarded as such to Rawlins in 1913.

[1] The disposition of this question as to whether or not the land was classified by

the land commissioner as dry grazing land, and that its award to Rawlins in July, 1913, gave him title to the minerals in the land, has been fully settled and disposed of in the recent case from this court in an opinion by Special Chief Justice S. J. Brooks, in the case of Robert G. Johnson v. J. T. Robinson, Commissioner of the General Land Office, et al., 240 S. W. 300, opinion delivered March 22, 1922. Upon the authority of that case, the judgment of the district court and of the Court of Civil Appeals upon this issue will be reversed, and the cause rendered in favor of plaintiffs in error.

[2] We will now state the other issue in the case:

On June 24, 1918, plaintiff in error Joe D. Johnson executed an oil lease on the land to Jno. B. Howard and Alfred Tinally. On July 15, 1918, this lease was transferred and became the property of the defendant in error Sunshine Oil Corporation. The consideration for the lease was $1 and the promises and the covenants to be kept and performed by the lessees. Paragraph 11 of the lease reads in part as follows:

"The lessees agree: (a) To cause a geological survey of the said locality, including the land above described, for oil and gas production [*and to furnish to lessor a copy of all experts' reports thereon*]."

The words underscored were written into the printed lease in ink by the lessor Joe D. Johnson, and same were set out and inclosed in brackets in red ink. In a similar manner the following was also incorporated with a pen in the lease by the lessor as one of its stipulations and covenants:

"[Lessor may immediately terminate this lease upon failure of lessee to comply with any part hereof.]"

The lessor, plaintiff in error Joe D. Johnson, at the date of the lease owned other lands in Reeves county and in the vicinity of the land leased.

Not having received a copy of the expert geologists' report, the lessor about the 1st of February, 1919, wrote the defendant in error Sunshine Oil Corporation, requesting a copy of the geological reports. On February 13, 1919, the Sunshine Oil Corporation answered this letter as follows:

"Your letter requesting copy of geological reports, received.

"I regret to say that our copies of the report has been exhausted, but our printer is now preparing another lot, and we will be pleased to mail you one in a few days.

"I am inclosing a few folders which give a synopsis of what you ask for, but our extensive report by Mr. Hugh H. Tucker is what we have based all our operations on. This latter we will mail to you as soon as available."

The folder mentioned in this letter refers to reports of three geologists, including Dr. Tucker, but the advertising folders bear no date. Plaintiffs in error contend that the geologists' reports were made in 1918, and that defendant in error Sunshine Oil Corporation had for an unreasonable time failed and refused to furnish the report as specifically provided for in the lease.

On February 29, 1919, said lessor declared the lease forfeited for breach of these express conditions.

About March 10, 1919, defendant in error Sunshine Oil Corporation furnished a copy of Dr. Tucker's report to plaintiffs in error. Its position is that it furnished the report in a reasonable time and had not breached the terms of the lease.

This suit was filed on April 7, 1920, as stated above.

The controversy between the parties as to the forfeiture of the lease centered in the issue as to whether the Sunshine Oil Corporation had furnished to the lessor the geologists' report within a reasonable time.

Defendant in error Sunshine Oil Corporation in its answer to plaintiffs in error's allegations of its failure to furnish copy of geological reports within a reasonable time alleged the following:

"And that said lands, including the lands of plaintiff herein, had been duly and thoroughly and properly examined and surveyed by an expert geologist before the execution of said lease, and also afterwards, for the purpose, as provided for in said lease contract; that thereafter, on or about the 28th day of May, 1918, said geologist made a written report of said survey, which came to the possession of this defendant some several days thereafter, and was placed with the printers, for the purpose of being printed for distribution among its several stockholders."

Along with their testimony, the plaintiffs in error introduced as evidence on this issue the above extract from defendant in error Sunshine Oil Corporation's pleadings.

After the evidence was in, and while plaintiffs in error's attorney was arguing the case before the court, the attorney for defendants in error stated the date of 28th of May, 1918, in the pleading was a mistake. At the close of the argument, and as the court was in the act of announcing his decision and noting same on his docket, the court permitted defendants in error's attorney to change said date from 1918 to 1919.

Plaintiffs in error insist that such action by the court at the time and under the circumstances is reversible error; that after the testimony was all in and the case closed, inasmuch as the issue was whether defendant in error Sunshine Oil Corporation had furnished the report within a reasonable time, and the testimony being in conflict, and inasmuch as this pleading was relied on by plaintiffs in error and had become evidence in the case, it could not thus be stricken out so as to destroy its value as evidence, without their consent.

We think the court erred in so doing. It vitally changed plaintiffs in error's evidence and left the testimony as a whole on this issue in much confusion and uncertainty. Pleadings may be changed by filing amended pleadings, by supplemental pleadings, and by trial amendments, and changes can be made by consent of parties. Of course, during a trial a party to a suit has the right, with the consent of the court, to correct typographical errors, and to make other changes or corrections not vital to the issues and merits of the case, without the consent of the opposing party. Also, in order to effect the ends of justice, the court may, in a proper case, allow the filing of a trial amendment. But here the court permitted one party to change, not only its pleadings, but also the evidence of the opposing parties, to their injury, on the vital issue, without their consent, and without giving them the right or opportunity for further hearing, or an opportunity for taking a continuance in order to meet and rebut the change in the testimony and for the better presentation of facts under the changed condition.

Plaintiffs in error had the right to rely on a declaration against interest in defendants in error's pleading the same as if made by other written or spoken declaration.

By reading the extract quoted, it will be seen that, with the figures 1918 changed to 1919, it left said allegation and said evidence in confusion, and, though it still tends to support plaintiffs in error's claim of unreasonable delay in furnishing them a geological report, especially when taken in connection with the other testimony on this issue, yet its legal effect is wholly changed, and on appeal plaintiffs in error are deprived of its legal benefits.

If said pleading and evidence were restored to its original wording, it would become a question of law as to whether or not the lapse of time was unreasonable. However, the issue being a closely controverted one, we deem it proper to remand the case to the district court for a new trial as between plaintiffs in error and defendant in error Sunshine Oil Corporation.

GREENWOOD, J., did not sit in this case.