Robert G. Johnson et al. v. Sunshine Oil Corporation et al.

No. 3739.   Decided June 14, 1922.

(343 S. W., 455.)

**1.—Public Land—Forfeiture—Reclassification—Resale.**

Where land formerly sold under classification as dry grazing and mineral was forfeited for non-payment, and thereafter was, by the Board of Appraisers, reclassified as "dry grazing" and reappraised, though such board had no authority to reclassify, the Commissioner of the General Land Office, who had such authority, by entering it on the records of his office as so classified adopted and made such classification valid. In such case repurchase by the former owner under section 1 of the Act of April 18, 1913, Laws, 33d Leg., ch. 160, p. 336, acquired it under such classification, and in such sale the mineral rights therein were not reserved to the State. Johnson v. Robison, Commissioner, 111 Texas, 438, approved and followed. (P. 582).

**2.—Same.**

An application to purchase public land which contained, in accordance with the form prescribed therefor by the Land Office, the declaration of the purchaser that he was buying it for agriculture and grazing, and that, "if it is classed as mineral land the sale to me is on the express condition that the minerals contained therein shall be and are reserved" etc. had no effect as a reservation of the mineral rights in its sale where it was classified and bought as grazing land. Johnson v. Robison, Commissioner, 111 Texas, 438, followed. (P. 582).

**3.—Pleading—Amendment—Evidence—Case Stated.**

On the issue whether the lessee of an oil lease had given ground for the forfeiture of his rights, declared by the lessor under authority given him by the contract of lease because of failure of the lessee to furnish him, as agreed, copies of all experts' reports on a geological survey of the land to be

made for such lessee, and in which the lessor had relied on and introduced in evidence defendant's pleadings as to the date on which such survey and reports were made, to show unreasonable delay in furnishing copies, it was error to permit defendant, after the evidence was closed and the argument proceeding, to amend such pleading by substituting a date one year later. Plaintiff had a right to rely on defendant's pleading as a statement against interest; and the amendment altered the state of plaintiff's evidence without giving him a chance to meet the change.    (P. 583-585).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Reeves County.

Johnson, the purchaser of a section of school land, sued to remove clouds from his title, against Beard, who had been granted by the Land Commissioner a permit to prospect the land for oil and gas on the theory that the minerals were reserved to the State on the sale to Johnson; and against the Sunshine Oil Corporation who held an oil lease from Johnson which the latter claimed had been lawfully forfeited in accordance with its terms.    Judgment was given for defendants, and this was affirmed (227 S. W., 698) on appeal by Johnson, the plaintiff, who thereupon obtained writ of error.

*Robert G. Johnson, Gillis A. Johnson,* and *Joe D. Johnson,* for plaintiff in error.

The Court erred in refusing to render judgment for plaintiff and intervenor and in rendering judgment for D. W. Beard, because the land in controversy was classified and sold to plaintiff's grantor as grazing land and does not come within the provisions of the act authorizing the issuance of permits for oil and gas exploitation.    Greene v. Robison, Com'r, 109 Texas, 367, 210 S. W., 498; Harper v. Terrell, Com'r, 96 Texas, 479; Fitzgerald v. Robison, 110 Texas, 468, 220 S. W., 768; Koy v. Schneider, 110 Texas, 369, 221 S. W., 885; Tolleson v. Rogan, 96 Texas, 432; McPherson v. Camden F. Ins. Co., 222 S. W., 211; Otoe Co. v. Baldwin, 111 U. S., 16; Morris v. State ex rel. Gussett, 62 Texas, 741; Austin v. McCall, 95 Texas, 575.

The Court erred in refusing to render judgment for plaintiff and intervenor and in finding for defendant D. W. Beard, because, whatever the classification of the land in controversy, it is the private property of plaintiff, and the State of Texas is without authority to grant a permit for its exploitation for oil and gas to any one else except plaintiff.    Constitution of Texas, Art. 14, Sec. 7; Greene v. Robison, Com'r, 109 Texas, 367, 210 S. W., 498; Texas Co. v. Daugherty, 107 Texas, 226, 176 S. W., 717.

The Court erred in refusing to render judgment in favor of plaintiff and intervenor and in finding for defendant D. W. Beard, because the land in controversy was sold by the State of Texas to Rawlins, plaintiff's grantor, under a classification of grazing land made under the apparent authority of the State, for a valuable consideration paid and without any notice to Rawlins of any claim to the minerals on

the land, and the State of Texas and its permittee, D. W. Beard, are estopped to claim that the land is subject to issuance of oil and gas permit thereon. Greene v. Robison, Com'r, 109 Texas, 367; Harper v. Terrell, Com'r, 96 Texas, 479; Schendell v. Rogan, Com'r, 94 Texas, 590; Jumbo Cattle Co. v. Bacon and Graves, 79 Texas, 13.

The Court erred in permitting the Sunshine Oil Corporation, after the evidence was all in and the decision of the cause had been announced by the Court, to alter its amended answer, a part of which had been introduced in evidence by plaintiff and intervenor, so as to make said amended answer read "that thereafter on or about the 28th day of May, 1919," instead of reading "that thereafter on or about the 28th day of May, 1918," as said amended answer appeared when introduced in evidence by plaintiff and intervenor. Joe D. Johnson and Sunshine Oil Corporation had the right to bind themselves by any contract they pleased *inter se* and to determine for themselves the sufficiency of the grounds for cancellation. The violation of an express stipulation in a contract, whether condition or covenant, when the terms of the contract give that authority, gives the party in whose favor the stipulation is made the immediate right to terminate the contract. Jeffrey v. Graham, 61 Texas, 482; Miller v. Havens, 51 Mich., 482; New Orleans v. Rigny, 24 La. Ann., 235; Patton v. Bond, 50 Iowa, 508; Gillette v. Mitchell, 214 S. W., 619; Witherspoon v. Staley, 156 S. W., 557; Taylor v. Brice, 34 N. E., 833; Gruwell v. Nat'l Council, 104 S. W., 884; 13 Corpus Juris, p. 608; 24 Cyc., pp. 1347-8-9.

*Jackson, Isaacks & Fryer,* for defendant in error Beard.

The Land Commissioner having issued the permit, the appellant cannot call in question collaterally the validity of the application upon which the Commissioner acted. Art. 5904-B, Title 93, Vernon's Texas Civil Statutes, 1918 Supplement; Fitzgerald v. Robison, 110 Texas, 468, 220 S. W., 768.

The Commissioner of the General Land Office, only, has authority to classify and re-classify public schools and asylum lands, and the Board of Appraisers appointed under the Act of 1913, had no authority to classify or reclassify lands forfeited for non-payment of interest. Act of 1913, Articles 5423a, 5423b and 5423c Vernon's Civil Statutes; Article 5407 Vernon's Civil Statutes; Ruling of Attorney General.

The land in controversy having been classified by the Commissioner of the General Land Office as "mineral and grazing land," and no re-classification having been made by him, the attempt to re-classify by the "Board of Appraisers," to whom was delegated only special authority, is null and void.

*Roy I. Biggs* and *Jno. B. Howard,* for defendant in error Sunshine Oil Corporation.

It is not error on the part of the Court to permit a defendant to amend its answer in reference to a typographical error before judgment was rendered, changing the date from May 1918 to May 1919, the intent and purpose of said answer showing all the way through that the said date of 1919 was intended, and that the said 1918 was a typographical error. Keppler v. Texas Lumber Mfg. Co., 184 S. W., 353; Goldman v. Broyles, 141 S. W., 283; St. Paul etc. Ins. Co. v. Cronin, 131 S. W., 649.

Joe D. Johnson made and entered into a contract with Howard and Tinally, who assigned said contract to the appellee Sunshine Oil Corporation, and appellant Robert G. Johnson filed suit alleging that the appellee Sunshine Oil Corporation had violated a provision in the contract which provided that the Sunshine Oil Corporation was to furnish to said Johnson a copy of all expert reports made on said lands; the appellee Sunshine Oil Corporation answered that it had fulfilled the obligation of said contract and had sent or caused to be sent such reports to the said Joe D. Johnson, thereby leaving it an issue to be tried, and the Court after hearing the evidence found adversely to appellant; it being a question of fact to be passed upon and amply supported by the evidence, in such case the appellate courts will not disturb such finding. Keithley v. Ward, 217 S. W., 428; Crisp v. Christian Moerlein Brewing Co., 212 S. W., 531; Pennington v. Fleming, 212 S. W., 303; National Bank of Garland v. Gough, 197 S. W., 1119; Andrae v. Watson, 73 S. W., 991; Benavides v. Hunt, 79 Texas, 383, 15 S. W., 396; Forney v. Ward, 25 Texas Civ. App., 443, 62 S. W., 108.

MR. JUSTICE PIERSON delivered the opinion of the court.

Robert G. Johnson, as plaintiff, and Joe D. Johnson, intervener, as warrantor of title of Robert G. Johnson, sued defendant in error D. W. Beard to remove cloud cast on title of plaintiff in error Robert G. Johnson to Section 22, Block 54, Township 4, T. & P. Ry. Co. Survey, in Reeves County, Texas, by reason of a certain oil and gas permit No. 6297 issued by the Commissioner of the General Land Office of the State of Texas to said D. W. Beard on March 26, 1920, under which permit said D. W. Beard claims the right to prospect for oil and gas on said land of plaintiff in error Robert G. Johnson; and sued defendant in error Sunshine Oil Corporation to remove cloud from title to above described land of plaintiff in error Robert G. Johnson by reason of the claims of said Sunshine Oil Corporation to an oil and gas lease on said land as the assignee of original lessees. On February 29, 1919, plaintiff in error Joe D. Johnson, the lessor, declared said lease forfeited by the Sunshine Oil Corporation for breach of the express conditions thereof, and on April 7, 1920, suit was brought to remove cloud from title on account of said lease. The case was tried before the District Court of Reeves County without a

jury, and on May 26, 1920, the District Court rendered judgment in favor of both defendants in error, D. W. Beard and the Sunshine Oil Corporation, and that both plaintiffs in error take nothing. The Court of Civil Appeals for the Eighth Supreme Judicial District affirmed the judgment of the District Court, 227 S. W., 698.

The land originally was awarded by the State to S. J. Bond as dry grazing and mineral land. Later it was transferred by Bond to W. B. Boles, and by Boles to H. L. Rawlins. In July, 1913, after the passage of the Act of April 18, 1913, (Chapter 160, p. 336, Acts of the 33rd Legislature), Rawlins permitted the land to become forfeited for nonpayment of interest.

In October, 1913, the Board of Appraisers provided for by said Act reappraised this land and classified it as dry grazing land. The Commissioner of the General Land Office entered the classification "dry grazing" in the classification book of the General Land Office. Rawlins filed his application to repurchase this land, and described it as having been classified as grazing land. In the Land Office his application was endorsed as: "Class graz. appr'm't $2.00." The land was awarded to Rawlins upon his application. Rawlins' application to repurchase contained the following clause:

"For the purpose of buying said land, I hereby represent that I am buying it for agricultural or grazing purposes only, and if it is classed as mineral land the sale to me is upon the express condition that the minerals therein shall be and are reserved to the fund to which the land belongs, to all of which I agree."

The land was transferred, and became the property of plaintiffs in error.

On March 26, 1920, Oil & Gas Permit No. 6927 was issued by the Commissioner of the General Land Office to D. W. Beard.

The first of the two issues in the case is based upon the validity of this oil and gas permit. Its validity is contingent upon the question as to whether or not, in the manner it was done, the land was classified as "grazing" land by the Commissioner of the General Land Office and awarded as such to Rawlins in 1913.

The disposition of this question, as to whether or not the land was classified by the Land Commissioner as dry grazing land, and that its award to Rawlins in July, 1913, gave him title to the minerals in the land, has been fully settled and disposed of in the recent case from this Court in an opinion by Special Chief Justice S. J. Brooks, in the case of Robert G. Johnson v. J. T. Robison, Commissioner of the General Land Office et al., opinion delivered March 22, 1922, 111 Texas, 438, 240 S. W., 300. Upon the authority of that case, the judgment of the District Court and of the Court of Civil Appeals upon this issue will be reversed, and the cause rendered in favor of plaintiffs in error.

We will now state the other issue in the case:

On June 24, 1918, plaintiff in error Joe D. Johnson executed an oil lease on the land to Jno. B. Howard and Alfred Tinally.   On July 15, 1918, this lease was transferred and became the property of the defendant in error Sunshine Oil Corporation.   The consideration for the lease was $1.00 and the promises and the covenants to be kept and performed by the lessees.   Paragraph 11 of the lease reads in part as follows:

"The Lessees agree:  (a) To cause a geological survey of the said locality, including the land above described, for oil and gas production, *(and to furnish to lessor a copy of all experts' reports thereon).*"

The words in italics were written into the printed lease in ink by the lessor Joe D. Johnson, and same were set out and enclosed in brackets in red ink.   In a similar manner the following was also incorporated with a pen in the lease by the lessor as one of its stipulations and covenants:

"(lessor may immediately terminate this lease upon failure of lessee to comply with any part hereof)."

The lessor, plaintiff in error Joe D. Johnson, at the date of the lease owned other lands in Reeves County and in the vicinity of the land leased.

Not having received a copy of the expert geologists' report, the lessor about the first of February, 1919, wrote the defendant in error Sunshine Oil Corporation, requesting a copy of the geological reports. On February 13, 1919, the Sunshine Oil Corporation answered this letter as follows:

"Your letter requesting copy of geological reports, received.

"I regret to say that our copies of the report has been exhausted, but our printer is now preparing another lot, and we will be pleased to mail you one in a few days.

"I am enclosing a few folders which give a synopsis of what you ask for, but our extensive report by Mr. Hugh H. Tucker is what we have based all our operations on.   This latter we will mail to you as soon as available."

The folder mentioned in this letter refers to reports of three geologists, including Dr. Tucker, but the advertising folders bear no date. Plaintiffs in error contend that the geologists' reports were made in 1918, and that defendant in error Sunshine Oil Corporation had for an unreasonable time failed and refused to furnish the report as specifically provided for in the lease.

On February 29, 1919, said lessor declared the lease forfeited for breach of these express conditions.

About March 10, 1919, defendant in error Sunshine Oil Corporation furnished a copy of Dr. Tucker's report to plaintiffs in error.   Its position is that it furnished the report in a reasonable time and had not breached the terms of the lease.

This suit was filed on April 7, 1920, as stated above.

The controversy between the parties as to the forfeiture of the lease centered in the issue as to whether the Sunshine Oil Corporation had furnished to the lessor the geologists' report within a reasonable time.

Defendant in error Sunshine Oil Corporation in its answer to plaintiffs in error's allegations of its failure to furnish copy of geological reports within a reasonable time, alleged the following:

"And that said lands, including the lands of plaintiff herein, had been duly and thoroughly and properly examined and surveyed by an expert geologist before the execution of said lease, and also afterwards, for the purpose, as provided for in said lease contract. That thereafter, on or about the 28th day of May, 1918, said geologist made a written report of said survey, which came to the possession of this defendant some several days thereafter, and was placed with the printers, for the purpose of being printed for distribution among its several stockholders."

Along with their testimony, the plaintiffs in error introduced as evidence on this issue the above extract from defendant in error Sunshine Oil Corporation's pleadings.

After the evidence was in, and while plaintiffs in error's attorney was arguing the case before the court, the attorney for defendant in error stated the date of 28th of May, 1918 in the pleading was a mistake. At the close of the argument, and as the court was in the act of announcing his decision and noting same on his docket, the court permitted defendants in error's attorney to change said date from 1918 to 1919.

Plaintiffs in error insist that such action by the court at the time and under the circumstances is reversible error; that after the testimony was all in and the case closed, inasmuch as the issue was whether defendant in error Sunshine Oil Corporation had furnished the report within a reasonable time, and the testimony being in conflict, and inasmuch as this pleading was relied on by plaintiffs in error and had become evidence in the case, it could not thus be stricken out so as to destroy its value as evidence, without their consent.

We think the court erred in so doing. It vitally changed plaintiffs in error's evidence and left the testimony as a whole on this issue in much confusion and uncertainty. Pleadings may be changed by filing amended pleadings, by supplemental pleadings, and by trial amendments, and changes can be made by consent of parties. Of course, during a trial a party to a suit has the right, with the consent of the court, to correct typographical errors, and to make other changes or corrections not vital to the issues and merits of the case, without the consent of the opposing party. Also, in order to effect the ends of justice, the court may, in a proper case, allow the filing of a trial amendment. But here the court permitted one party to change, not only its pleadings, but also the evidence of the opposing parties, to their injury, on the vital issue, without their consent, and without

giving them the right or opportunity for further hearing, or an opportunity for taking a continuance in order to meet and rebut the change in the testimony and for the better presentation of facts under the changed condition.

Plaintiffs in error had the right to rely on a declaration against interest in defendants in error's pleading the same as if made by other written or spoken declaration.

By reading the extract quoted, it will be seen that with the figures 1918 changed to 1919, it left said allegation and said evidence in confusion, and though it still tends to support plaintiffs in error's claim of unreasonable delay in furnishing them a geological report, especially when taken in connection with the other testimony on this issue, yet its legal effect is wholly changed, and on appeal plaintiffs in error are deprived of its legal benefits.

If said pleading and evidence were restored to its original wording, it would become a question of law as to whether or not the lapse of time was unreasonable. However, the issue being a closely controverted one, we deem it proper to remand the case to the District Court for a new trial as between plaintiffs in error and defendant in error Sunshine Oil Corporation.

*Reversed and rendered in part, and in part reversed and remanded.*

Associate Justice Greenwood did not sit in this case.