**HALL, Commissioner of Insurance and Banking, v. EASTLAND COUNTY.**
(No. 1507.)

(Court of Civil Appeals of Texas. El Paso. Oct. 18, 1923.)

1. **Appeal and error** ⊜⟿374(4)—**Commissioner of insurance and banking is head of department not required to give bond on appeal.**

Rev. St. art. 2105, exempting heads of any department of the state, prosecuting or defending an action in their official capacity from giving bond, includes, within its purview, the commissioner of insurance and banking as the head of a department.

2. **Appeal and error** ⊜⟿330(2)—**Appeal by party in official capacity may be prosecuted by successor in office.**

After the overruling of a plea of privilege filed by a commissioner of insurance and banking, and the giving of a notice of appeal, a successor in office of such officer is empowered by Vernon's Ann. Civ. St. Supp. 1918, art. 2099a, to prosecute the appeal.

3. **Banks and banking** ⊜⟿80(10)—**Action against insolvent bank and banking commissioner held properly brought in county where bank located.**

An action against a bank, the commissioner of insurance and banking, and a liquidating agent *held* properly brought in the county wherein the bank was located, and a plea of privilege filed by a commissioner to be sued in another county was properly overruled.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Eastland County against the Security State Bank & Trust Company and others, wherein J. L. Chapman intervened as successor in office of Ed Hall, as Commissioner of Insurance and Banking. From an order overruling a plea of privilege filed by the Commissioner, his successor in office appeals. Affirmed.

Conner & McRae, of Eastland, W. A. Keeling, Atty. Gen., and Walace Hawkins and John W. Goodwin, Asst. Attys. Gen., for appellant.

Burkett, Orr & McCarty, of Eastland, Cofer & Cofer, of Austin, and Bailey, Nickels & Bailey, of Dallas, for appellee.

HARPER, C. J. Eastland county brought this suit in Eastland county against the Security State Bank & Trust Company and Ed Hall, commissioner of insurance and banking, and J. R. Burnett, liquidating agent, alleging that it deposited in said bank, located in said county, certain moneys, that they were noninterest bearing and unsecured, and prayed that they be so classified, and that "Ed Hall, commissioner, be directed to recognize such approval and classification and to pay same in full."

Said Hall, commissioner, filed plea of privilege to be sued in Travis county, and the court overruled the plea. Notice of appeal from said order was given. Thereafter Hall resigned, and J. L. Chapman was appointed to succeed him, and intervened in the suit.

[1] No appeal bond was given, and appellee moves this court to dismiss this appeal upon the ground that the commissioner of insurance and banking is not the head of a department within the meaning of R. S. art. 2105, exempting heads of departments from giving bond. This is not well taken under the holding in Herring v. Houston Nat. Exch. Bank (Tex.) 253 S. W. 813.

[2] Next it is urged that Chapman, as successor, is not empowered to prosecute this appeal. Article 2099a, Vernon's Revised Civil Statutes 1918, makes the necessary provision by declaring that the suit shall not abate.

[3] Upon the merits of the appeal from the order overruling the plea of privilege, the Supreme Court, in Kidder v. Hall (Tex.) 251 S. W. 497, held that the action on claim against insolvent banks must be brought in the district court of the county in which the bank was located.

The court, therefore, did not err in overruling the plea of privilege, and the case must be affirmed, and it is so ordered.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes