**KAUFMAN COUNTY et al. v. GASTON et al. (No. 150.)**

(Court of Civil Appeals of Texas. Waco. April 2, 1925. Rehearing Denied May 7, 1925.)

**1. Injunction ⚖☞114(4) —Original defendants' successors in office made parties to cause in which judgment was rendered before assumption of office.**

Original defendants' successors in office will be made parties to suit for mandatory injunction, in which judgment was rendered before assumption of office by such successors, in view of Vernon's Ann. Civ. St. 1918, arts. 2099a–2099c, where they have been given an opportunity and refused to perform act sought to be compelled.

**2. Appeal and error ⚖☞185(3) — Failure to raise in trial court issue of trial judge's disqualification held to preclude raising of that issue in Court of Civil Appeals.**

Failure to raise in trial court issue of trial judge's disqualification *held* to preclude raising of that issue in Court of Civil Appeals.

**3. Injunction ⚖☞114(1) — All necessary and proper parties held before court in suit to compel issuance of warrant on county treasurer.**

In suit against county, the commissioners' court of such county, and the county judge, county commissioners, and county clerk, for mandatory injunction, to compel issuance of a warrant on the county treasurer, in favor of plaintiff, for the amount of a judgment against the county, *held*, that all necessary and proper parties were before the court.

**4. Mandamus ⚖☞102(1)—Writ of mandamus held to lie to compel issuance of warrant in payment of judgment or claim established or approved against county; "ministerial act."**

Writ of mandamus *held* to lie against commissioners' court and its clerk to compel issuance of warrant in payment of judgment or claim established or approved against county; the issuance of a warrant being a "ministerial act," required to be performed before the county treasurer is authorized to register or pay the warrant, in view of Rev. St. arts. 1368, 1432, 1433, 1438, 1459.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ministerial Act.]

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Mandamus by J. M. Gaston and others against Kaufman County and others. Judgment for plaintiffs, and defendants bring error. Reformed, and, as so reformed, affirmed.

Wynne & Wynne, of Kaufman, for plaintiffs in error.

Thos. R. Bond, of Terrell, for defendants in error.

BARCUS, J. On December 16, 1921, defendant in error recovered judgment against Kaufman county, plaintiff in error, for the sum of $2,800 with 6 per cent. interest. The above judgment was by the Court of Civil Appeals affirmed (250 S. W. 741), and mandate was issued and filed in the district court of Kaufman county. After the mandate was issued, defendant in error presented the judgment to the commissioners' court of Kaufman county for payment, and it refused to either pay same or have warrant issued upon the county treasury therefor. This suit was instituted against Kaufman county, the commissioners' court, the county judge and commissioners composing same, and against the clerk of said court, in their official capacities, asking for a mandatory writ of injunction, compelling the commissioners' court of Kaufman county and its clerk to issue a warrant upon the county treasury of Kaufman county in favor of plaintiff for the amount of said judgment, interest, and costs. The trial court entered judgment as prayed for; hence this appeal.

[1] During the pendency of this appeal, two of the county commissioners and the county judge who were in office at the time the judgment of the trial court was entered have been superseded by their successors in office; the new officers having assumed their duties January 1, 1925. The other two commissioners and the county clerk were elected to succeed themselves. The defendant in error filed his motion in this court, setting up said facts, and alleged that since the new commissioners had gone into office he had requested it, as well as the county judge and each individual member of the commissioners' court, to have the warrant issued in payment of said judgment, and to carry out the order of the district court, which they had refused to do, and he prays that the present county judge, Charles Ashworth, and the present commissioners, Joe Ellis, H. P. Colquitt, Sam Lagow, and Dave Whittaker, and Stanford Payne, county clerk of Kaufman county, be made parties plaintiff in error in this court. Said parties have all been served with notice of said motion, and have appeared and filed answer; and it appearing to the court that the parties above named have been given an opportunity, to comply with the order of the district court entered in this cause, and have refused to comply therewith, the motion to make them parties in this court is hereby in all things granted, and the parties above named in their official capacity, are hereby substituted as plaintiffs in error in this cause. Articles 2099a, 2099b, and 2099c, 1918 Vernon's Sayles' Statutes;

━━━━━

⚖☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hall, Commissioner, v. Eastland County (Tex. Civ. App.) 254 S. W. 1113. ·

[2] The plaintiffs in error, as above substituted, have filed a motion, asking that the cause be reversed and remanded and the judgment of the trial court be held null and void, because they allege, and attempt to show by original affidavits filed in this court, that the district judge who tried this cause originally, and who entered the judgment in the mandamus proceeding, is a brother of the attorney for plaintiff, and that said attorney is interested in and is a necessary party to said judgment being entered by the trial court. The question of the trial judge's disqualifications was not in any way raised or, put in issue in the trial court, and no issue can be presented or raised in the appellate court which could have been, but which was not, raised in that court. City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960; Fred Mercer Dry Goods Co. v. Fikes (Tex. Civ. App.) 211 S. W. 830; Texas & Pacific Ry. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982. The motion is therefore overruled.

[3] There is no controversy about the judgment in favor of plaintiff being a final judgment against Kaufman county. The only issues presented by this appeal are whether all necessary parties are before the court, and whether the district court had the power to issue the mandatory writ of injunction which it ordered issued in this case. The suit was brought against Kaufman county as such, and against the commissioners' court of Kaufman county, and against the county judge, county commissioners, and county clerk in their official capacities, and the relief sought is against the individual members of the commissioners' court in their official capacity. All necessary and proper parties were before the court.

[4] It is the duty of the commissioners' court to classify all claims against the county, article 1433, Revised Statutes. When a claim has been established by a court of competent jurisdiction, no execution can issue against a county; but it is the duty of the county commissioners' court to settle and pay the judgment as other claims are paid by said court. Article 1368, Revised Statutes. The county treasurer is required to register all claims when presented to him, and no claim can be paid until it has been registered by the county treasurer. Article 1432, Revised Statutes. After claims have been registered by the treasurer, he is required to pay them in the order in which they are registered, as the funds come into the treasury to take care of the particular class of claims. Articles 1432 and 1438, Revised Statutes. All warrants issued against the county treasury by any judge or court shall be signed and attested by the clerk or judge of the court issuing same, under his official seal. Article 1459, Revised Statutes. Where the commis-

sioners' court has refused to have the clerk issue a warrant in payment of a judgment or claim which has been established or approved against the county, a writ of mandamus will lie to compel them to issue said warrant, since it is a ministerial act which they are required to perform, and which must be done before the county treasurer is authorized to register or .pay the warrant. Denman v. Coffee, 42 Tex. Civ. App. 78, 91 S. W. 800; Brown v. Ruse, 69 Tex. 589, 7 S. W. 489; Cobb & Gregory v. Parker County (Tex. Com. App.) 236 S. W. 1108.

The judgment of .the trial court is reformed, by substituting Charles Ashworth for W. P. Williams, county judge, and H. P. Colquitt for Newt Pinson and Dave Whittaker for Horace Eubanks, county commissioners of Kaufman county, and said parties together with Sam Lagow and Joe Ellis, commissioners, and Stanford Payne, county clerk, are ordered and directed to have issued, signed, and delivered to defendant in error, J. M. Gaston, a warrant, to be paid out of the general funds of Kaufman county, for the sum of $2,800, with 6 per cent. interest per annum from December 16, 1921, plus $49.60 costs of court in the original suit. The costs which accrued in this cause prior to January 1, 1925, are taxed against W. P. Williams, Joe Ellis, Sam Lagow, Newt Pinson, and Horace Eubanks, and the costs which have accrued since the 1st of January in this cause are taxed against Charles Ashworth, Joe Ellis, H. P. Colquitt, Sam Lagow, and Dave Whittaker.

The judgment of the trial court, as herein reformed, is affirmed.