J. C. Milan et al. v. R. J. Williams, District Judge.

No. 5450.   Decided February 19, 1930.
(24 S. W., 2d Series, 391.)

*C. D. Lennox, King, Mahaffey & Wheelers* and *Everett Bryson,* for relators.

Mr. Judge RYAN delivered the opinion of the Commission of Appeals, Section B.

This is an original application for mandamus based upon the following situation:

A. D. Lennox and C. D. Scaff, with some eighteen others, minority stockholders in the Gibbons Manufacturing Company, on February 20, 1929, filed their petition in the District Court of Red River County, of which the Honorable R. J. Williams is the regularly elected, qualified, and acting judge, against G. C. Gibbons,

Mrs. Melissa Annie Gibbons, Mrs. Helen Margaret Ward and the Gibbons Manufacturing Company, alleging the mismanagement and neglect of the business by G. C. Gibbons, manager thereof, which resulted in great losses during the years 1925, 1926, 1927 and 1928; the prayer was for an accounting by said G. C. Gibbons, repayment of certain moneys spent and charged by him, and the appointment of a receiver for the Gibbons Manufacturing Company, and such "relief, general and special, from time to time as in law or equity the plaintiffs may be entitled to."

The court was then in session at a regular term thereof, with Judge Williams presiding.

A. D. Lennox, one of the plaintiffs in said suit, is the brother-in-law of Judge Williams, they having married sisters, and C. D. Scaff, the other plaintiff above named, is the brother of Mrs. Williams, and of Mrs. Scaff, and the brother-in-law of Judge Williams.

The judge was therefore disqualified from acting in any litigation before his court involving Lennox and Scaff. Const., Art. 5, Sec. 11; Art. 15, Rev. Stat., 1925; Schultze v. McLeary, 73 Texas, 92; Gains v. Barr, 60 Texas, 676; Jordan v. Moore, 65 Texas, 363.

It appears from the averments of relators' petition for mandamus, that on the following day, February 21, 1929, while the Court was still in session, Judge Williams granted plaintiffs leave to file, and there was filed, their first amended original petition, identically the same as the original petition, except that the names of A. D. Lennox and C. D. Scaff were omitted as parties plaintiff.

No citation was issued on the original petition by the District Clerk, but citation did issue by him on the amended petition, and was served on the defendants, returnable to the next regular term to convene on May 13, 1929.

On the same day the amended petition was filed, the court (Judge Williams presiding), without notice to the defendants, made an order appointing a receiver for all the property and assets of the Gibbons Manufacturing Company, with full authority to carry on its business, take possession of all its assets and generally to manage the property, subject to the court's orders.

The defendants in that proceeding promptly appealed from the order appointing the receiver; the Court of Civil Appeals at Texarkana vacated such order and reversed and remanded the cause for further proceedings, holding that the appointment was not authorized without first giving notice to the defendants.

Soon after the mandate was returned to the District Court, the defendants, by motion, suggested the disqualification of Judge Williams because of his relationship to Lennox and Scaff; this motion was granted, the judge recused himself by order entered on May 22, 1929, and certified his disqualification to the governor, who directed the Honorable R. T. Wilkinson, Judge of the 76th Judicial District of Texas, to exchange benches with Judge Williams and try said cause.

Relator's contentions are:

1st. The suit being returnable to the May term of court, although petition was filed while the regular February term was in session, the court was not in session then for the trial of this case—for that purpose was in vacation—and therefore it was not necessary to obtain leave of court to file the amended petition.

2d. The defendants below waived their right to object to the filing of the amended petition by having appeared and answered before they filed their motion to disqualify the judge.

3d. The granting of leave to file the amended petition was purely ministerial and such an act as a disqualified judge can perform.

4th. That the filing of their amended petition in which Lennox and Scaff were omitted as parties plaintiff operated a dismissal as to them, and the judge's disqualification was thereby removed.

### OPINION.

That the amended petition as well as the original petition, although returnable to the following term, were both filed "when court was in session" does not admit of serious argument. It was even so agreed in writing by all the parties upon trial of the motion to disqualify the judge. Therefore leave of court to file the amended petition was required under the provisions of the second section of Art. 2001, Rev. Stat. 1925.

While the right to file an amended pleading, after an announcement of ready or during trial of a case is within the trial court's discretion, which will not be revised unless abused (Lipscomb v. Perry, 100 Tex., 122; Johnson v. Oil Corporation, 111 Texas, 578), the right to amend before such announcement of ready, at a proper time and when it does. not operate to the injury of the opposing party seems to be mandatory (Hopkins v. Seay, 27 S. W., 899; Boren v. Billington, 82 Texas, 137). In such a case, while the court may not refuse the right to file, he may attach reasonable con-

ditions thereto, under the provisions of the statute, such as the payment of costs (Bullard v. Carmichael, 83 Texas, 355; Armstrong v. O'Brien, 83 Texas, 649), and must pass upon the sufficiency of the pleading, in whole or in part, if excepted to (Boren v. Billington, *supra*), which necessarily involves the exercise of discretion.

The effect of the amended petition so filed while the court was in session was to dismiss as to Lennox and Scaff, but this dismissal required an order to be entered by the judge, some disposition of the costs accrued against them to be made, and the rights of the remaining plaintiffs, as well as the other parties to the suit, to be considered. 18 C. J., p. 149; *Ibid.*, p. 1167.

We think in the instant case the order permitting the filing of an amended petition and consequent dismissal as to the judge's relatives involved the exercise of judicial discretion, and is ruled by Reeves v. The State, ex rel. Mason, 114 Texas, 296, where it is held that disqualification extends to his ordering dismissal of original parties related to him within the prohibited degrees. It is there also held that defendant did not waive objection to the judge's disqualification, by appearing and answering without first asserting such objection, where it was later made.

Our conclusion is that Judge Williams is disqualified, and we therefore recommend that the petition for mandamus be denied.

The opinion of the Commission of Appeals is adopted, and mandamus is refused.

*C. M. Cureton,* Chief Justice.