SETHMAN et al. v. LIBERTY NAT. BANK OF OKLAHOMA CITY, OKL.

No. 8937.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Rehearing Denied Jan. 4, 1933.

H. L. Faulk, of Brownsville, for appellants.

Cunningham & Rabel, of Harlingen, and Seabury, George & Taylor, of Brownsville, for appellee.

FLY, C. J.

This is a suit instituted by appellee against Roy C. Sethman, Nina R. Sethman, his wife, Lumbermen's Acceptance Corporation, Keith Tuggle, C. R. Tuggle, C. R. Tuggle & Son, Chamberlain Metal Weather Strip Co., Inc., Gertus D. Sutton, Roy C. Sethman Company, Dennett Motor Sales Company, Incorporated, and A. Wayne Wood, trustee. The suit sought a recovery on a promissory note for $24,000, with interest coupon notes attached thereto. Appellee recovered judgment for $28,007.48 against Roy C. Sethman, against Gertus D. Sutton for one half of $27,954.13, and judgment against Roy C. Sethman the other half of the same sum, and a foreclosure as against all the parties on two lots in an addition to the city of Brownsville. The cross-actions of defendants were denied. A jury in the case was instructed to return the verdict on which the judgment is based.

The first proposition presents as error the action of the court in denying Sethman and wife the right to swear to an affidavit to be

appended to their answer in which they claimed to have denied the execution of the instrument claimed to have fixed a lien on the property claimed to be a homestead. The answer was as follows: "These defendants deny that they ever at any time executed or gave any valid lien or encumbrance against said homestead or executed any instrument by which a lien could be fixed upon said homestead in any manner authorized by the Constitution or laws of the State of Texas."

 The defense of Sethman and wife to the action for foreclosure of the lien on an apartment occupied by them in the city of Brownsville was an attempted plea of non est factum to such lien and designation of a homestead. The answer was not sworn to, and just before announcement of ready for trial appellants asked that they be allowed to attach their affidavit to the petition, and that request was denied. This was undoubtedly error upon the part of the court. Milan v. Williams, 119 Tex. 60, 24 S.W.(2d) 391, 392. But it is contended, and we uphold the contention, that no possible injury resulted to appellants by the ruling of the court, in view of their admission in their testimony that they executed the instrument, and their efforts to show that the officer who took the separate acknowledgment of the wife was disqualified by interest to take such acknowledgment. The admission and acts of Sethman and wife was an admission that the so-called plea of non est factum was not true. It will be noted from the plea herein copied that they made no direct denial of having executed the instrument but merely that they had not signed any valid instrument. The plea was to all intents and purposes one of homestead rights and not one of nonexecution. We overrule the proposition.

Sethman swore that the money borrowed and for which the note and lien were given to the Braniff Investment Company was used in erecting the apartment house. The land was the property of Sutton, and was conveyed to Sethman by Sutton in order that Sethman might give a lien on the property. One-half of the property and improvements and land was to be conveyed to Sutton after the money was obtained. The Sethmans in writing designated another homestead and bound themselves not to claim any homestead interest in the apartment lot and building. The whole of the property, after the lien had been made and the house built with the proceeds therefrom, was conveyed to Mrs. Sethman by Sutton and the Sethman Company, to whom the property had been conveyed by Sethman. These conveyances were rather sinuous methods, which seemed to be in entire harmony with the elusive plans of Sethman to defeat payment of the money he had borrowed and used in acquiring the property. He admitted that he had never thought of claiming any homestead rights in the apartment until after he had failed to pay any further installments on the debt due by him. He did not intend to make a homestead of the apartment when he moved into it. At the time the lien was given on the property, Mrs. Sethman could not have had any but a community interest in the property because she obtained her deed to it long afterwards, and, being community property, her signature to the deed of trust was not necessary and added nothing to the validity of the instrument. Of course the validity or invalidity of her acknowledgment would therefore be of no importance. We do not think, however, that the notary public, who was in the employment of the company, was thereby incapacitated to take the acknowledgment. No fraud, deceit, or concealment was attempted to be shown in connection wtih the taking of the acknowledgment. There is no denial that the acknowledgment was taken and an explanation of the instrument signed made to her. The notary public was not required to enter into minute details and circumstances concerning the transaction. She knew the purport of the instrument, and that was sufficient.

The impression is made by the facts that the debt was one honestly due by the Sethmans, and that there is a manifest desire and intention to defeat its collection by a resort to technicalities without foundation in law or fact. The homestead idea was undoubtedly evolved after a failure to meet payments on the note. No homestead right in the apartment was shown.

The judgment is affirmed.