

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 7, 1939

Mr. A. J. Bryan, Jr.
Criminal District Attorney
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. 0-397
Re: Priority of payment of warrants
on General Fund.

Your request for an opinion upon the following question:

"Is a warrant drawn on an overdrawn
General Fund and payable to the Officers'
Salary Fund entitled to be paid from first
money paid into General Fund?"

has been received by this Department.

Article 1625, Revised Civil Statutes of Texas,
provides as follows:

"Each county treasurer shall keep a
well-bound book in which he shall register
all claims against his county in the order of
presentation, and if more than one is pre-
sented at the same time he shall register
them in the order of their date. He shall
pay no such claim or any part thereof, nor
shall the same, or any part thereof, be re-
ceived by any officer in payment of any in-
debtedness to the county, until has been duly
registered in accordance with the provisions
of this title. All claims in each class shall
be paid in the order in which they are regis-
tered."

Article 1626, Revised Civil Statutes of Texas,
provides as follows:

"Claims against a county shall be regis-
tered in three classes, as follows:

"1.   All jury script and script issued
for feeding jurors.

"2.   All script issued under the provisions of the road law or for work done on
roads and bridges.

"3.   All the general indebtedness of the
county, including feeding and guarding prisoners, and paupers' claims."

Article 1627, Revised Civil Statutes of Texas,
reads as follows:

"Said treasurer shall enter each claim
in the register, stating the class to which
it belongs, the name of the payee, the amount,
the date of the claim, the date of registration,
the number of such claim, by what authority issued, and for what service the same was issued,
and shall write on the face of the claim its
registration number, the word 'registered',
the date of such registration, and shall sign
his name officially thereto."

Clarke & Courts vs. San Jacinto, 45 SW 315,
held that warrants on General Fund should be paid in order according to their respective registered numbers.

In the case of White vs. Calaway (Tex. Civ.
App.) 282 SW 642, writ refused, appellant White brought
suit against certain officers of Montague county seeking
a writ of mandamus compelling them to "'immediately pay'
to applicant a certain judgment in his favor against
Montague county, in the sum of $500.00, with interest
and cost." The lower court refused applicant the relief
sought and he appealed. Judge Connor of the Fort Worth
Court of Civil Appeals in passing upon said case, after
quoting from other authorities, said:

"The statement there made (Kaufman County
vs. Gaston (Tex. Civ. App.) 273 SW 273) is
supported by authorities, and we think there
can be no doubt under the circumstances of this
case but that the appellant was entitled to have
the commissioners' Court direct the clerk to
issue a warrant for the payment of his claim.
That claim consisted of the judgment, its
interest, and costs adjudged in his favor.
Upon this issuance of the warrant and its presentation to the treasurer, the appellant was

entitled to have the warrant registered and
h.ve the same paid in the order in which it
was registered, as provided by article 1625
above. See Clarke & Courts vs. San Jacinto
County, 45 SW 315, 18 Tex. Civ. App. 204.
The right to secure such payment is not af-
fected, we think, by the fact pleaded in de-
fense and upon evidence in behalf of appellee
county that there was not sufficient money
in the general fund of the county to pay the
debt and to meet other necessary running ex-
penses of the county." Underwood vs. Howard
(Tex. Civ. App.) 1 SW (2d) 730.

The case of Wilkinson vs. Franklin County et al,
94 SW (2nd) 1190, held that an order of the Commissioners'
Court requiring the county treasurer to pay current war-
rants drawn against the county General Fund in preference
to warrants of prior years drawn against General Fund was
void, so that warrants issued during prior year which
bore preferential registration numbers to current year
warrants were payable out of General Fund for current year
in preference to current year warrants.

Therefore, you are respectfully advised that it
is the opinion of this Department that Article 1625 of the
Revised Civil Statutes of Texas clearly denotes the order
in which warrants drawn against the county treasury are
to be paid, and amounts to an appropriation of the funds
in the county treasury to the payment of all warrants
legally drawn against the several classes of funds in the
order of their registration.

You are respectfully advised that it is the
opinion of this Department that a warrant drawn on an over-
drawn General Fund and payable to the Officers' Salary
Fund is not entitled to be paid from the first money paid
into the General Fund. It is the further opinion of this
Department that such warrant should be paid according to
its number and registration as provided in Article 1625 of
the Revised Civil Statutes of Texas.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS