## HUFFINES et al. v. MERCURY LIFE & HEALTH CO. et al.

### No. 11476.

Court of Civil Appeals of Texas. San Antonio.

Jan. 3, 1945.

Rehearing Denied Jan. 31, 1945.

J. B. Lewright, of San Antonio, for appellants.

Hubert W. Green, of San Antonio, for appellees.

NORVELL, Justice.

Appellee Mercury Life & Health Company was incorporated in 1922, under the provisions of Articles 4794 to 4808, inclusive, Chapter 5, Title 71 of the 1911 Revised Civil Statutes (see Articles 4784 to 4799, Chapter 6, Title 78, 1925 Revised Civil Statutes), which were repealed in 1929. See Acts 41st Leg. 1st C.S. p. 90; ch. 40, § 18, as amended by Acts 1929, 41st Leg., 2d C.S. p. 99, ch. 60, § 1. The repealing Act, however, contained a proviso that "such repeals and the provisions of this (repealing) Act shall not apply to or affect any Company or Association of this State now doing business under the laws repealed, and they shall continue to be governed by the regulatory provisions of such laws." Article 4860a—18, Vernon's Ann.Civ.Stats.

The company is subject to the provisions of Article 5068—1, Chapter 22, Title 78, Vernon's Ann.Civ.Stats., Acts 1939, 46th Leg. p. 401, and consequently its operations are under the supervision of the Board of Insurance Commissioners of the State of Texas to the extent provided for in the above-mentioned Act of the Legislature.

As a result of a report made by an examiner of the Department of Insurance of the State of Texas, the Board of Insurance Commissioners, by letter (accompanied by the examiner's report) dated July 19, 1944, notified Mercury Life & Health Company that it must take action immediately with reference to certain specified matters in order to place the Association in good standing. One of the requirements set forth

240

was that the company "Suspend from active control and direction of your Association, Mr. Leonard Hyatt, President-Manager, and elect in his stead a person acceptable to this Department. Pending a hearing before the Board of Insurance Commissioners to show cause to the contrary, Mr. Leonard Hyatt is subject to the permanent suspension as provided in Section 4, Article 5068—1, for the reasons cited on pages 8, 9, 10, 15 and 16 of this report."

The letter concluded as follows: "Your prompt action on all of the above requirements is expected in lieu of a Board Order to enforce compliance. If you desire a hearing to state your exceptions to any of the above, it will be arranged at your request."

In compliance with the letter of July 19, 1944, the board of directors suspended Hyatt from his offices as president, general manager and director of the company. Hyatt was discharged by said board of directors on August 3, 1944.

On August 14, 1944, the Board of Insurance Commissioners entered an order providing that "Mercury Life & Health Company, San Antonio, shall have thirty days under the supervision of the Board within which to restore the Company to a solvent condition and to make satisfactory showing that previous practices of issuing unauthorized policies, special agreements and unauthorized and illegal division of premium income as between the Mortuary and Expense Funds of the Company will hereafter be discontinued and to show cause why the officer or officers responsible for such practices and violations should not be permanently removed from office in Mercury Life and Health Company, San Antonio, Texas, for the reasons set out in Article 5068—1, Section 4, Vernon's Annotated Civil Statutes; that Mercury Life and Health Company, San Antonio, Texas, and the officers and directors are respectfully notified to be present on the 19th day of September, 1944, at 10 a. m. in the office of the Life Insurance Commissioner, State Land Office Building, Austin, Texas, to make its showing to the Board that the requirements herein have been fully met or to show cause why they should not be or cannot be met."

So far as the record shows no final order has been entered by the Board of Insurance Commissioners, and we take it that the matter is still under consideration by said Board.

This suit was filed on August 3, 1944, after receipt of the letter by the company from the Board of Insurance Commissioners (dated July 19, 1944) and the consequent suspension of Leonard Hyatt, but prior to the Board's "show cause" order of August 14, 1944. Plaintiffs named were Earl C. Rodenberg, D. H. Huffines, T. H. W. Vordenbaum and E. M. Taylor, claiming to be policyholders of said Mercury Life & Health Company. Defendants named, in addition to the company, were William E. Hughes, Edith C. Hughes, James A. Savage and J. A. Lott, who were purportedly acting as directors of the company. Plaintiffs primarily sought the reinstatement of Leonard Hyatt as President and Manager of the company, and injunctive relief restraining defendants from interfering with Hyatt in the exercise of the functions of the offices named.

On August 21, 1944, after the Board of Insurance Commissioners had entered its "show cause" order, the defendants moved to dismiss plaintiffs' suit for the reason that (in view of the Board's actions) "the sole jurisdiction to determine the questions that are involved in this suit is now vested at this time before (in) the Board of Insurance Commissioners, and that this court does not have and should not with propriety assume jurisdiction except by way of appeal from the final holding or ruling of the said Board of Insurance Commissioners."

After a hearing the trial court allowed E. C. Rodenberg to take a nonsuit, sustained defendants' motion and entered an order dismissing plaintiffs' suit without prejudice.

From this order the plaintiffs (other than Rodenberg) appealed to this Court.

■ We think it is clear that the Board of Insurance Commissioners has not exhausted the jurisdiction vested in it by law, particularly by Article 5068—1, Vernon's Ann.Civ.Stats. The trial court therefore properly dismissed the suit. Guardian Life Insurance Company v. Reagan, 140 Tex. 105, 166 S.W.2d 909; Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625.

■ Appellant D. H. Huffines has filed two affidavits in this Court. From these affidavits it appears that Huffines desires to dismiss this appeal in so far as he is concerned. We are of the opinion that his second affidavit shows, however, that he

authorized an appeal to be taken and costs will consequently be assessed against him.

The appeal in so far as appellant Huffines is concerned is dismissed. As to appellants T. H. W. Vordenbaum and E. M. Taylor, the order of the trial court is affirmed. Costs of appeal are assessed against appellants, Huffines, Vordenbaum and Taylor, jointly and severally.