**HINOJOSA v. GARCIA et al.**

No. 12520.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 9, 1953.

Raymond, Algee, Alvarado, Kazen & Woods, Laredo, A. J. Vale, Rio Grande. City, L. Hamilton Lowe, Austin, for appellant.

Gerald Weatherly, Falfurrias, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Starr County, Texas, by Daniel Garcia and some one hundred and twenty- nine other persons, against Jose S. Hinojosa, individually and as County Clerk of Starr County, seeking to compel him to permit plaintiffs to cast their absentee ballots in the general election to be held on November 4, 1952.

A hearing was had on October 25, 1952, and judgment rendered requiring defendant to permit plaintiffs to cast their absentee votes, in the following language, to-wit:

"It is further considered and adjudged and decreed that the defendant, Jose S. Hinojosa, as County Clerk, aforesaid, (as well as his successors in office, if any,) is hereby ordered and commanded to permit each of the aforesaid plaintiffs,—who duly and timely makes his or her personal appearance before such county clerk at his office and then and there duly and timely makes application to and offers to vote absentee then and there in and for the General Election to be held in Starr County, Texas, November 4, 1952, all in accordance with Section 37 of the Texas Election Code [V.A.T.S. Election Code, art. 5.05],—to vote absentee in and for said November 4 election, to deposit his or her absentee ballot therefor in the proper ballot box for absentee voting in said county clerk's office, and to deposit the ballot-stub of such absentee ballot in the proper stub-box in said county clerk's office; provided that, said county clerk is not so ordered and commanded as to any particular one or more of the plaintiffs as to whom, on appearance to vote at said clerk's office, there is presented to said clerk affirmative evidence, otherwise than by mere challenge, as to such particular one or more of the plaintiffs, that the voting status of such particular one or more of the plaintiffs has changed since July 26, 1952."

This judgment was superseded by a bond in the sum of $15,000.

It now appears to this Court that the General Election of 1952 was held some eleven months ago and it would not be possible to control the action of the County Clerk of Starr County by any judgment or mandamus that might now be made or issued. The record shows that the subject matter of this suit has become moot and

this Court will not pass upon the merits of any cause where it appears that its judgment would be wholly ineffective for want of a subject matter on which it could operate. Hulett v. Board of Trustees of West Lamar Rural High School Dist., Tex. Civ.App., 232 S.W.2d 669. The mere fact that the question of costs is involved does not prevent the case from becoming moot pending appeal. Under such circumstances, each party should pay the costs incurred by him in both the trial and appellate courts. Isbell v. Rednick, Tex.Civ. App., 193 S.W.2d 736.

The cause will be dismissed without prejudice to any election contest that might now be pending with reference to any office based upon the declared result of the General Election held on November 4, 1952, in Starr County, Texas.

The cause is dismissed.