The **TEXAS COMPANY** et al., Appellants,

v.

**Placido TIJERINA** et al., Appellees.

No. 13217.

Court of Civil Appeals of Texas.
San Antonio.

April 24, 1957.

On Rehearing June 5, 1957.

William S. Clarke, Houston, P. H. Swearingen, Jr., San Antonio, Leon F. Steinle, Jourdanton, for appellants.

R. L. House, San Antonio, C. Stanley Banks, Jr., San Antonio, Arnold W. Franklin, Jourdanton, Leon D. Glasscock, San Antonio, for appellees.

PER CURIAM.

Appellants have filed a motion to dismiss this cause because the judge who tried the case below was absolutely disqualified, in that he was related to one of the parties. Const. Art. V, § II, Vernon's Ann.St.

The question of the trial judge's disqualification was not raised in any way in the trial court, and the record of the trial court filed here does not show any disqualification. However, movants have filed an affidavit stating that the trial judge was related, within the third degree, to Arnold

Franklin, and that he had an interest, though small, in the recovery.

Appellees have answered contending that we may not consider this affidavit and, inasmuch as the record does not disclose the kinship between the judge and Arnold Franklin, we cannot dismiss the cause. Appellees have not filed any counter affidavits. In support of their contention, appellees cite, City of Austin v. Nalle, 85 Tex. 520, 22 S.W. 668, 960; Kaufman County v. Gaston, Tex.Civ.App., 273 S. W. 273.

 It is clear from other authorities that if the trial court was in fact disqualified to hear the cause the judgment is absolutely void and, even though the judgment be affirmed here and in the Supreme Court, it would be subject to direct attack by an independent suit brought for that purpose. Fry v. Tucker, 146 Tex. 18, 202 S.W.2d 218; Templeton v. Giddings, Tex., 12 S.W. 851; Chambers v. Hodges, 23 Tex. 104. The controlling rule is stated in Fry v. Tucker, 146 Tex. 18, 202 S.W.2d 218, 221:

"The rules announced in the Constitution and Statutes upon this subject are expressed in unconditional language, and are regarded as mandatory and to be rigidly enforced. It has long been the settled rule in this State that any order or judgment entered by a trial judge in any case in which he is disqualified is absolutely void. Postal Mut. Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482; Templeton v. Giddings, Tex.Sup., 12 S.W. 851; Burks v. Bennett, 62 Tex. 277; Newcome v. Light, 58 Tex. 141, 44 Am.Rep. 604; Slaven v. Wheeler, 58 Tex. 23; Grogan v. Robinson, Tex. Civ.App., 8 S.W.2d 571 (error refused); 25 Tex.Jur. p. 299, § 53, and cases cited in the footnote. Furthermore, the disqualification of a judge cannot be waived in order to give validity to his actions. Postal Mut. Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482; City of Dallas v. Peacock, 89 Tex. 58, 33 S.W. 220; Newcome v. Light, 58 Tex. 141, 44 Am.Rep. 604; Seabrook v. First Nat. Bank,

Tex.Civ.App., 171 S.W. 274; 25 Tex. Jur. p. 303, § 55. And the question of his disqualification may be raised subsequent to his actions. Milan v. Williams, 119 Tex. 60, 24 S.W.2d 391; Grogan v. Robinson, Tex.Civ.App., 8 S.W.2d 571 (error refused); 25 Tex. Jur., p. 304, § 55."

It would be a strange rule which would require this Court and the Supreme Court to pass upon an appeal, knowing that the judgment will in all probability be set aside in a direct attack after we have completed our labors.

In this case we have another matter confronting us. The Honorable H. D. Barrow, who is now an Associate Justice of this Court, was the trial judge who tried the case. When this motion to dismiss was filed he immediately announced his disqualification to sit in this appeal and has now certified in writing that he is related, within the third degree, to Arnold Franklin, and for that reason has refused to participate in this appeal.

Art. 1822, Vernon's Ann.Civ.Stats., provides that this Court has power by affidavit or otherwise to ascertain such matters of fact as may be necessary to the proper exercise of our jurisdiction. The disqualification certificate is a part of our records. From our records it is undisputed that the judgment in this case is absolutely void, Postal Mutual Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482, and we would be doing a vain thing to attempt to pass upon this appeal, as would the Supreme Court, if this cause would reach that Court. It occurs to us that we should consider this unchallenged affidavit. Furthermore, we may take judicial notice of our own records, and we see no reason why we should not consider the certificate of disqualification filed herein by Associate Justice Barrow.

The motion to dismiss will be granted and the cause dismissed. The costs of this appeal will be taxed against movants.

On Motion for Rehearing of
Motion to Retax Costs.

In its original opinion this Court sustained appellants' motion to declare the

**480**

judgment of the trial court void and ordered the cause dismissed. It is now apparent to us that this was an incorrect order. The judgment of the trial court should have been reversed and the cause remanded for a new trial.

Therefore, the judgment of this Court heretofore entered on April 24, 1957, will be set aside and judgment now rendered reversing the judgment of the trial court and remanding the cause for a new trial at cost of appellants.

 Appellants' motion for rehearing of motion to retax costs is overruled. Appellants having caused the cost of this appeal must pay same. Huffines v. Mercury Life & Health Co., Tex.Civ.App., 185 S.W.2d 239. See also, Parr v. State, Tex.Civ.App., 293 S.W.2d 280; Hinojosa v. Garcia, Tex. Civ.App., 260 S.W.2d 711; Isbell v. Rednick, Tex.Civ.App., 193 S.W.2d 736; 3–A Tex.Jur. p. 44, § 35.

Reversed and remanded.